■ JULIUS HORVATH, Appellant, v. 305 PARK CLUB LANE, INC., et al., Respondents.— Order and judgment reversed, without costs, and motion denied. Memorandum: The verified complaint alleges that defendant 305 Park Club Lane, Inc., through its president defendant Joseph W. French had knowledge of the existence of a contract between plaintiff and defendant Scramridge Apartments, Inc. Defendants-respondents by their unverified answer and affidavits deny this allegation. Annexed to the complaint is a purchase offer signed by plaintiff on June 29, 1967 and accepted by defendant Scramridge, on July 15, 1967. The verified bill of particulars and an examination before trial of the real estate agent Munro reveal that she told Mr. French that the property was under contract prior to respondent 305 Park Club Lane's purchase from Scramridge Apartments, Inc. We conclude that this presents a material issue of fact to be resolved on the trial. Summary judgment is a drastic remedy and should not be granted where there is a genuine issue of fact or where the issue is fairly debatable. (*Stone* v. *Goodson*, 8 N Y 2d 8; *Falk* v. *Goodman*,

7 N Y 2d 87; *Northern Operating Corp.* v. *Anopol,* 25 A D 2d 551.) All concur, except Moule, J., who dissents and votes to affirm, in the following memorandum: I vote to affirm on the ground that the examination before trial of Julius Horvath, the plaintiff, held on April 13, 1970, clearly established that he did not have a contract of purchase, as the amount to be paid for the apartments had not been agreed upon. Consequently, there was no contract (9 N. Y. Jur., Contracts, § 51) and there is no material question of fact. (Appeal from order and judgment of Erie Special Term dismissing complaint in specific performance action.) Present — Del Vecchio, J. P., Marsh, Moule, Cardamone and Henry, JJ.