■ K & H TIRE SERVICE, INC., Respondent, v HOME INSURANCE COMPANY, Appellant.—Appeal from an order of the Supreme Court at Special Term, entered October 8, 1975 in St. Lawrence County, which granted plaintiff's motion for summary judgment. The plaintiff corporation instituted this action to recover for losses sustained as a result of employee dishonesty which are allegedly covered under a business owner's policy issued by defendant. Although plaintiff is indemnified under the terms of the policy for losses of money or other property sustained through fraudulent or dishonest acts by its employees, said policy contains conditions, limitations and exclusions, which defendant maintains bar recovery here. Finding the defendant is clearly liable to plaintiff and that the only possible issue is the amount of plaintiff's loss, Special Term granted plaintiff summary judgment on the question of liability and directed that the matter be placed on the appropriate calendar for an assessment of damages. On this

appeal, defendant challenges the granting of summary judgment, and we agree that the order of Special Term must be reversed. A drastic remedy, summary judgment must be denied where there is any significant doubt as to the existence of a material issue of fact or where the issue is fairly debatable *(Phillips v Kantor & Co.,* 31 NY2d 307; *Horvath v 305 Park Club Lane,* 37 AD2d 907). In this instance, Special Term's order is grounded upon plaintiff's affidavit, which alleges the existence of a signed statement by one of its employees admitting defalcation and also an itemized statement by plaintiff listing all of the items misappropriated by said employee. Apparently, neither of these alleged documents was before Special Term, and clearly they are not included in the record on appeal. Such being the case, neither the precise status of the employee in question nor the nature of the stolen property can be determined, and, as a result, it is impossible to determine whether defendant is absolved from liability by any of the various conditions, limitations and exclusions contained in the policy. Under such circumstances, genuine issues of fact are plainly presented which preclude the granting of summary judgment. Order reversed, on the law, and motion for summary judgment denied, without costs. Koreman, P. J., Greenblott, Main, Larkin and Reynolds, JJ., concur.