■ EVELYN RABINOWITZ, Appellant, v APPAREL TRIMMING CORP., Respondent.—In an action on a promissory note, plaintiff appeals, on the ground of inadequacy, from a judgment of the Supreme Court, Queens County, dated November 12, 1974, which, after a nonjury trial, is in her favor in the amount of $7,500, plus interest. Judgment modified, on the law, by deleting the decretal paragraph thereof and substituting therefor provisions awarding judgment to plaintiff in the amount of $15,000, plus 13% interest from May 13, 1973. As so modified, judgment affirmed, with costs; action remanded to Trial Term for the entry of an appropriate amended judgment in accordance herewith. Fact questions with regard to the interest of Paul Rabinowitz in the note in question were not considered on this appeal. Questions of fact were not otherwise raised. In this action on a promissory note brought by the payee against the corporate maker, the main issue is whether the court erred in permitting proof of the source of the moneys advanced on the note. As it comes to us, this is a simple action, with an oblique defense and a strange result. The plaintiff, Evelyn Rabinowitz, is the payee of a corporate note in the face amount of $15,000, made by the defendant corporation, which admittedly received the proceeds and paid interest thereon. The plaintiff served a summons and moved for summary judgment in lieu of the service of a complaint. The motion was opposed by the affidavit of Paul Rabinowitz (plaintiff's former husband), who claimed that he was the real owner of the note. His affidavit commences, "That I am the president of the defendant Corporation". He then provides a statement of his marital history, asserting that other actions are pending and "that the action on the note is intertwined with our disputes concerning marital property". He then promises in the affidavit, though this was not done, "to bring on a motion to consoldiate [sic] all of the actions". Thus, he recognized that he was not *personally* subject to the jurisdiction of the court. He was not, for his name does not appear in the title, he was never served in a personal capacity and he does not submit himself to the jurisdiction of the court. The plaintiff's motion for summary judgment was denied by order dated February 13, 1974; Special Term directed the filing of a note of issue for the April, 1974 term. The case came on for trial on October 8, 1974 and was more reminiscent of a matrimonial action than one on a note. The record is saturated with irrelevant material. At the close of the trial,

plaintiff's counsel pointed out to the court that "There still is no action pending in this court between the plaintiff and Paul Rabinowitz personally or Paul against Mrs. Rabinowitz." Nevertheless, the trial court, resting its decision upon "unusual circumstances", held "that the monies that were in fact the subject matter of this particular promissory note were not exclusively the monies of the plaintiff but rather were joint funds accumulated over an extended period of time by the plaintiff and the president of the defendant corporation, her former husband." Plaintiff was awarded judgment for one half the face amount of the note, plus 13% interest. We hold that Paul Rabinowitz, a nonparty, may not thus indirectly substantially benefit from the note. Obviously, no judgment could have been rendered against him herein and he may not recover hereunder. His name does not appear in the title, he never appeared, he never moved to intervene and he was never impleaded. Under these circumstances, the defendant corporation, which received the proceeds of the note from the plaintiff, may not deny her ownership of the note. Should Paul Rabinowitz wish to claim an interest in the note, he must do so in an action in which he submits himself to the jurisdiction of the court and in which he affirmatively asserts his claim against the plaintiff. There is no merit in defendant's argument that plaintiff's collection of the judgment constitutes a waiver of her right to appeal (see Cohen and Karger, Powers of the New York Court of Appeals [rev ed], p 406). Hopkins, Acting P. J., Latham, Christ, Titone and Hawkins, JJ., concur.