■ PETER A. TANCREDI, as Executor of LUCY TANCREDI, Deceased, Respondent, v CARMINE MANNINO, Appellant.—In an action on a promissory

note, defendant appeals from a judgment of the Supreme Court, Kings County, entered February 7, 1979, which is in favor of plaintiff upon the granting of his motion for summary judgment. Judgment reversed, on the law, without costs or disbursements, motion denied, and case remitted to the Supreme Court, Kings County, for further proceedings consistent herewith. The plaintiff sues upon a note made by defendant in favor of plaintiff's testatrix. In response to plaintiff's motion for summary judgment, defendant contended that upon a partial payment during the lifetime of the obligor, the latter orally discharged the balance due. No claim has been made that any writings exist to support this defense. The instant case is thus factually indistinguishable from the case of *Friese v Baird* (36 AD2d 727) in which we held that a defense consisting solely of a claim that a promissory note had been orally discharged by the plaintiff's intestate was insufficient to defeat summary judgment because proof of the defense would be excludable at the trial by reason of the Dead Man's Statute (CPLR 4519). Although it is the firmly established rule that "It is incumbent upon a defendant who opposes a motion for summary judgment to assemble, lay bare and reveal his proofs, in order to show that the matters set up in his answer are real *and are capable of being established upon a trial" (Di Sabato v Soffes,* 9 AD2d 297, 301; emphasis added), the Court of Appeals has held that "Evidence, otherwise relevant and competent upon a trial or hearing, but subject to exclusion on objection under the Dead Man's Statute, should not predetermine the result on summary judgment in anticipation of the objection" *(Phillips v Kantor & Co.,* 31 NY2d 307, 310). Our holding in the *Friese* case has thus effectively been overruled and, despite the patent incapability of proving the asserted defense at trial, we are required to reverse on the authority of *Phillips v Kantor & Co. (supra).* Hopkins, J. P., Damiani, Titone and Mangano, JJ., concur.