■ JOYCE STONE, as Ancillary Executrix of ALLAN STONE, Deceased, Respondent, v PHILIP STONE et al., Appellants, et al., Defendant.—In an action for an accounting and other relief with respect to a partnership, defendants Philip Stone, Sally Wesley, Irving A. Stone, Harry Steinberg, Paul Steinberg and Yetta Averick appeal from (1) so much of an interlocutory judgment of the Supreme Court, Nassau County, entered September 25, 1979, as (a) denied so much of their motion for summary judgment as sought dismissal of plaintiff's demand for an accounting of partnership profits which had accrued since the decedent's death and (b) granted partial summary judgment in favor of plaintiff for such an accounting and (2) an order of the same court, dated December 24, 1979, which denied their motion for leave to renew. Order reversed, on the law, without costs or disbursements and motion for leave to renew granted; upon renewal, the interlocutory judgment is modified by deleting the third, fourth, fifth, sixth, seventh and eighth decretal paragraphs thereof. As so modified, the interlocutory judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a trial on the issue of whether the decedent, Allan Stone,

assigned his record interest in the partnership to his father, Raymond Stone, simultaneously with the creation of the partnership. On the papers before Special Term at the time of its original decision, that court correctly granted plaintiff partial summary judgment for an accounting of partnership profits which had accrued since the death of the decedent. However, Special Term erred in refusing to consider the evidence offered by appellants in support of their motion for leave to renew on the ground that the evidence was barred by the Dead Man's Statute (CPLR 4519). "Evidence, otherwise relevant and competent upon a trial or hearing, but subject to exclusion on objection under the Dead Man's Statute, should not predetermine the result on summary judgment in anticipation of the objection." (See *Phillips v Kantor & Co.,* 31 NY2d 307, 310.) Having reviewed that evidence, we find that it suffices to create an issue of fact as to whether Allan Stone, whose purported interest in the partnership plaintiff now asserts, had transferred that interest to his father simultaneously with the creation of the partnership. Consequently, a trial is required on this issue. Upon this disposition, we need not and do not decide whether Special Term correctly concluded that all of the evidence offered by appellants in support of their motion for leave to renew would, upon appropriate objection at trial by plaintiff be barred by the Dead Man's Statute. We note, however, that CPLR 4519 by its terms applies only where the prospective witness is "a party or a person interested in the event" (see *Laka v Krystek,* 261 NY 126). Titone, J. P., Mangano, Rabin and Gulotta, JJ., concur.