■ In the Matter of CARMELITA M. LESTER, Formerly CARMELITA M. BICKFORD, Respondent, v JEANETTE BICKFORD et al., Appellants. — Appeal from an order of the County Court of Ulster County (Vogt, J.), entered February 20, 1981, which granted petitioner's motion and ordered the return to petitioner of $887.62 paid to the Ulster County Treasurer in September of 1968 and subsequently turned over to the State Comptroller as abandoned property pursuant to sections 600 and 602 of the Abandoned Property Law. On September 23, 1968, petitioner, the then owner of certain real property in Ulster County, petitioned for and obtained an order to show cause from the Ulster County Court, pursuant to RPAPL 1921 (subd 3), seeking discharge of a mortgage on her property upon the condition that she pay the principal balance and accrued interest due on said mortgage to the Ulster County Clerk. The order granted is not included in this record. It appears that petitioner paid the sum of $716.11 to the county treasurer and the mortgage was discharged by the county clerk, whereupon transfer of title to petitioner's land was completed. It further appears that no claim for payment of the money was ever made by the surviving mortgagee or her heirs upon the Ulster County Treasurer, who, accordingly, on April 8, 1974, transferred the money to the New York State Comptroller pursuant to sections 600 and 602 of the Abandoned Property Law. In June, 1980, petitioner moved in the original proceed-

ings against respondents, the original mortgagee and her purported heirs, for an order requiring the Comptroller to pay the money to her on the ground that any cause of action upon the original mortgage would be barred by the Statute of Limitations. The Ulster County Court granted the motion and order from which the Attorney-General of the State of New York, on behalf of the State Comptroller and the named respondents, has appealed. The order should be reversed and the motion denied. Petitioner initially elected to proceed pursuant to RPAPL 1921 (subd 3) to obtain a discharge of the mortgage upon payment of the balance of the debt and interest secured by that mortgage. She had the option to proceed pursuant to RPAPL 1501, in which proceedings she could have asserted her contention that any cause of action to recover the unpaid principal and interest due upon the mortgage was time barred. It is manifestly clear that by electing to proceed under section 1921, petitioner effectively paid her indebtedness, irrespective of any contention that the debt was time barred, when she deposited the money with the county treasurer who held it for the benefit of the mortgagee and her heirs, or, in the event of the failure of any legal claim to entitlement thereto, for the people of the State of New York. In short, she elected to pay the balance due in return for a discharge of the mortgage instead of seeking to clear title to the property in question by proving that any foreclosure action against her would be barred by the Statute of Limitations. She is bound by her own choice of remedies. It is equally clear that the county treasurer correctly determined the money to have been abandoned after five years had elapsed without any claim thereto having been made, and transferred it to the State Comptroller (Abandoned Property Law, § 600, subd 1, par [a]; § 602, subd 1). The State holds the abandoned property for the benefit of the mortgagee and for the people of the State of New York (Abandoned Property Law, § 102). Accordingly, petitioner has no claim to the money. Order reversed, on the law, without costs, and motion denied. Mahoney, P. J., Sweeney, Kane, Weiss and Levine, JJ., concur.