■ JOYCE STONE, as Ancillary Executrix of ALLAN STONE, Deceased, Appellant, v PHILIP STONE et al., Respondents. — In an action for an accounting and other relief with respect to a partnership, plaintiff appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Nassau County (Oppido, J.), entered October 26, 1981, which, *inter alia,* dismissed her complaint, after a trial before a referee to hear and determine (Pittoni, R.). Judgment modified, on the law, by deleting the second and third decretal paragraphs thereof. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements. Plaintiff's decedent, Allan Stone, is alleged to have owned an interest in a certain limited partnership. In this action, plaintiff seeks an accounting of partnership profits which accrued after the death of the decedent. On a prior appeal, we remitted the matter for a trial "on the issue of whether the decedent, Allan Stone, assigned his record interest in the partnership to his father, Raymond Stone, simultaneously with the creation of the partnership" (*Stone v Stone,* 76 AD2d 833, 833-834). After a trial before a referee to hear and determine, the referee answered "yes" to the question posed by us and the judgment entered on his decision so provided and dismissed the complaint. That portion of the judgment should be affirmed. Even after disregarding all testimony barred, upon appropriate objection, by the so-called "dead man's statute" (CPLR 4519), there is a residue of evidence sufficient to support the referee's finding in that regard. The judgment further provided that "the decedent, Allan Stone, held his limited partnership interest in Wesley, Stone & Averick, Co. as nominee for Raymond Stone", and that "the general and limited partners of Wesley, Stone & Averick, Co. may file a Certificate of Amendment of the Certificate of Limited Partnership of Wesley, Stone & Averick, Co. as recorded in the office of the Clerk of Nassau County on December 31, 1963, reflecting Raymond Stone as limited partner in place and in stead of Allan Stone". These provisions of the judgment may not stand. Raymond Stone is not a party to this action. His name does not appear in the title. He never appeared in the action. He never moved to intervene and he was never impleaded. No judgment could have been rendered against him and he may not be granted relief in the action. Should he desire to claim an interest in the partnership, he must do so in an action in which he submits himself to the jurisdiction of the court and in which he affirmatively asserts his claim (see *Rabinowitz v Apparel Trimming Corp.,* 51 AD2d 783, 784). Damiani, J. P., Titone, Lazer and Mangano, JJ., concur.