■ JOSEPH McEVOY, as Administrator of the Estate of WILLIAM McEVOY, Deceased, Respondent, v LUIS GARCIA, Defendant, and ALAN S. MARX, Appellant.—In an action to recover

damages for fraud, conspiracy, and legal malpractice, defendant Marx appeals, as limited by his brief from so much of an order of the Supreme Court, Kings County (Hirsch, J.), dated April 3, 1984, as denied his motion for summary judgment.

Order affirmed, insofar as appealed from, with costs.

The sharply conflicting affidavits and affirmations submitted by the parties and their attorneys, together with the documentary evidence, present triable issues of fact with respect to each of plaintiff's causes of action. The argument by defendant Marx that the affidavit and affirmations submitted in opposition to his own affidavit should not be considered because they are based on conversations with the decedent William McEvoy is without merit. Evidence excludable by the Dead Man's Statute (CPLR 4519) may be considered to defeat a motion for summary judgment where such evidence is otherwise relevant and competent (*Stone v Stone*, 76 AD2d 833; *Phillips v Kantor & Co.*, 31 NY2d 307). We note in passing that portions of Marx's affidavit may also be subject to the same objection at trial. Brown, J. P., Rubin, Lawrence and Kooper, JJ., concur.