(April 20, 1987)

■ MARILYN ADAMS, Respondent, v JOHN ADAMS, Appellant. —In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Suffolk County (Campbell, J.), dated November 18, 1985, which, *inter alia,* (1) awarded the plaintiff wife maintenance in the sum of $50 per week for the period of one year, (2) directed the defendant to pay child support in the amount of $50 per week for each of the parties two unemancipated children, (3) ordered the defendant to pay all of the carrying charges on the marital residence up to $758 per month, until the marital residence is sold, (4) awarded the plaintiff the sum of $15,000 as a distributive award in lieu of her equitable interest in certain marital property, (5) ordered that the plaintiff's mother, Virginia Pierson, receive $16,000 upon sale of the marital residence, (6) directed that each party shall have title to and possession of one half of all joint bank accounts, (7) granted title and possession of a 1979 Trans Am automobile to the plaintiff, and (8) ordered that the defendant shall have "reasonable visitation" with the parties' son.

Ordered that the judgment is modified, on the law, by (1)

deleting the provision granting title to and possession of the 1979 Trans Am automobile to the plaintiff and by substituting therefor a provision granting title to and possession of that automobile to the defendant, (2) deleting the provision awarding the sum of $16,000 to the plaintiff's mother, Virginia Pierson, upon sale of the marital residence, and (3) deleting the provision granting the plaintiff a distributive award of $15,000; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith.

Separate property is defined, *inter alia,* as "property acquired by * * * gift from a party other than the spouse" (Domestic Relations Law § 236 [B] [1] [d] [1]). Further, "property acquired in exchange for * * * separate property" is also defined as separate property, within the context of the Equitable Distribution Law (Domestic Relations Law § 236 [B] [1] [d] [3]). At bar, it is undisputed that the defendant received a Corvette automobile as a gift from his sister, and, when the Corvette was stolen, the defendant converted the insurance proceeds into the 1979 Trans Am. Thus, the 1979 Trans Am was the defendant's separate property since it represented "property acquired in exchange for * * * separate property" (Domestic Relations Law § 236 [B] [1] [d] [3]). In this regard, the court erred in awarding title to, and possession of, the 1979 Trans Am to the plaintiff because it was the defendant's separate property.

The trial court directed that the parties pay to the plaintiff's mother, Virginia Pierson, the sum of $16,000 upon the sale of the marital residence. Although the credible evidence supports the court's conclusion that the parties agreed to reimburse the plaintiff's parents for the costs incurred in building an extension onto the marital residence, the court erred in granting affirmative relief to Mrs. Pierson. The court is without the power to grant affirmative relief to a third party who has not subjected himself or herself to the jurisdiction of the court *(see, Stone v Stone,* 96 AD2d 508). If Mrs. Pierson wishes to pursue her claim, she must, if she be so advised, on remittitur, submit herself to the court's jurisdiction, i.e., through a motion to intervene, and affirmatively assert her claim *(see, Stone v Stone, supra).*

We further find that the trial court's distributive award of $15,000 to the plaintiff was not supported by the evidence. Initially, there was no value placed on the defendant's National Guard pension. Moreover, the court based the award, in

part, on the value of "unaccounted for" property. Since it is impossible to determine from the evidence whether the court's award was equitable, the matter must be remitted to the Supreme Court, Suffolk County, for appropriate findings *(see, Weilert v Weilert,* 115 AD2d 473). Upon remittitur, the court should consider whether the defendant is entitled to a credit for his payment of marital debts which accrued prior to the commencement of the action.

Under all of the facts and circumstances of this case, the awards as to maintenance and child support were not excessive. Further, the direction to the defendant to pay the carrying charges on the marital residence "up to the sum of $758 per month" until it is sold, is not unreasonable and does not violate the prohibition against open-ended obligations (22 NYCRR former 699.9 [f] [6], now 202.50 [b] [Appendix B]; *see, Price v Price,* 113 AD2d 299, 308-309, *affd* 69 NY2d 8; *Belcastro v Belcastro,* 104 AD2d 625).

We have reviewed the defendant's remaining contentions and find them to be without merit. The defendant is advised that if the parties cannot agree to a reasonable visitation schedule, an appropriate motion may be brought in the Supreme Court, Suffolk County. Mangano, J. P., Bracken, Eiber and Spatt, JJ., concur.