■ DAVID KIRK, Respondent-Appellant, v LISBET V. KIRK, Appellant-Respondent.—In an action for a divorce and ancillary relief, (1) the defendant wife appeals from stated portions of an amended judgment of the Supreme Court, Westchester County (Marbach, J.), dated April 14, 1989, which, *inter alia,* (a) directed the parties to pay the plaintiff husband's mother, Marian P. Kirk, $107,725, upon the sale of the marital residence, and (b) failed to distribute, as marital property, common stock in Cedar Woods Tenants Corporation, and (2) the plaintiff husband cross-appeals, as limited by his brief, from stated portions of the amended judgment.

Ordered that the cross appeal is dismissed, for failure to perfect the same in accordance with the rules of this court *(see,* 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the amended judgment is modified, on the law, by deleting the provision thereof which awards the sum of $107,725 to the plaintiff's mother, Marian P. Kirk, upon sale of the marital residence; as so modified, the amended judgment is affirmed insofar as appealed from, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings consistent herewith; and it is further,

Ordered that the defendant is awarded one bill of costs.

The trial court directed that the parties pay to the husband's mother, Marian P. Kirk, the sum of $107,725 upon the sale of the marital residence. Although the credible evidence supports the court's conclusion that the cash advances from the mother to the parties constituted a loan, the court erred in granting affirmative relief to Marian P. Kirk. Before a court can grant affirmative relief to a third party, that party must subject himself or herself to the jurisdiction of the court *(see, Adams v Adams,* 129 AD2d 661; *Stone v Stone,* 96 AD2d 508). If she wishes to pursue her claim, Marian P. Kirk must, on remittitur, submit herself to the jurisdiction of the court by moving to intervene *(see, Adams v Adams, supra; Stone v Stone, supra).*

Furthermore, upon remittitur, in the event Marion P. Kirk

intervenes, the court should recalculate the sum owed to her to include simple rather than compound interest.

We find the defendant's remaining contention to be without merit. Rosenblatt, J. P., Miller, Ritter and Copertino, JJ., concur.