■ DIANA BRANDENBURG, Respondent, v BRENT BRANDENBURG, Appellant. [610 NYS2d 48] —Judgment of the Supreme Court, New York County (Kristin Booth Glen, J.), entered October 17, 1989 which, insofar as appealed from, determined issues of equitable distribution, including awarding exclusive occupancy and ownership of the marital residence to plaintiff wife, unanimously modified, on the law and the facts and in the exercise of discretion, to the extent of vacating so much thereof as awards exclusive ownership of the marital residence to plaintiff and directing instead that she have exclusive use of the premises until the youngest child attains the age of 21, or is sooner emancipated, at which time the premises shall be sold and the proceeds divided 60% to plaintiff and 40% to defendant, less the amount of reduction of the mortgage paid by the wife, after the commencement of this action, net of closing costs and expenses, including applicable taxes and, except as so modified, affirmed, without costs.

We generally find no abuse of discretion in the court's distribution of marital property. The court properly considered the statutory factors set forth in Domestic Relations Law § 236 (B) (5) (d) and divided the marital assets in a manner

consistent with the particular circumstances of the case *(Zelnik v Zelnik,* 169 AD2d 317, 336), including the need of the custodial parent to remain in the marital residence and the tax consequences of forcing a sale of this appreciated property *(see, Davis v Davis,* 175 AD2d 45, 48).

However, in the absence of factors warranting extinguishment of defendant's interest in the marital residence, we view its transfer to plaintiff wife as an improvident exercise of discretion *(compare, Davis v Davis, supra* [secretion and dissipation of marital assets, obstructionist and dilatory tactics]) and modify accordingly. Concur—Wallach, J. P., Ross, Rubin, Nardelli and Williams, JJ. [As amended by unpublished order entered June 16, 1994.]