■ LESLIE ZIMBERG, Respondent, v BRUCE ZIMBERG, Appellant. [627 NYS2d 23] —Judgment, Supreme Court, New York County (Elliott Wilk, J.), entered November 18, 1993, which, inter alia, awarded the wife exclusive title to the former marital residence, awarded her counsel fees and disbursements in the sum of $330,611.82, determined that the husband was solely responsible to the wife's father for the $1,001,464.82 lien on the residence and a $250,000 obligation for funds drawn on a letter of credit, and directed that he pay the wife's father said amounts, unanimously modified, on the law, to the extent of deleting the direction to pay the wife's father, and otherwise affirmed, with costs, without prejudice to a plenary application by the third party identified herein for appropriate relief.

The trial court correctly determined, based in part upon its determination of credibility, that contributions of the wife's family to the purchase of the marital residence, the attribu-

tion of substantial income to the husband through various corporations and his secreting of income through such corporations and through his mother as nominee, and the husband's failure to be forthcoming both during trial and with respect to pretrial financial disclosure, all combined to warrant extinguishing his interest in the marital residence *(compare, Davis v Davis,* 175 AD2d 45, *with Brandenburg v Brandenburg,* 203 AD2d 138).

Our examination of this record establishes that the award of counsel fees to the wife was a proper exercise of the trial court's discretion *(see, De Bernardo v De Bernardo,* 180 AD2d 500, 502).

We agree with the trial court that the husband should have been solely responsible for repaying the wife's father for having purchased the lien resulting from a judgment against the husband and for paying, on the husband's behalf, the amount drawn by him on a letter of credit. However, affirmative relief directing such payment to the wife's father was inappropriate because that beneficiary had never subjected himself to the jurisdiction of the court *(Kirk v Kirk,* 177 AD2d 619; *Adams v Adams,* 129 AD2d 661, 662).

We have considered defendant's other contentions and find that they either do not warrant any change in the disposition or are without merit. Concur—Sullivan, J. P., Ellerin, Wallach and Asch, JJ.