■ In the Matter of JERROLD GOLDIN, Appellant. JAMES LEVINSON, Respondent. [641 NYS2d 731] —In a proceeding pursuant to RPAPL 1921 to cancel and discharge a mortgage upon real property, the petitioner appeals from an order of the Supreme Court, Nassau County (Feuerstein, J.), dated March 27, 1995, which denied the petition and dismissed the proceeding.

Ordered that the order is affirmed, with costs.

Contrary to the petitioner's contention, we find that the Supreme Court properly denied his application pursuant to RPAPL 1921 to discharge the subject mortgage. That statute, in relevant part, authorizes any person having an interest in a mortgage to apply for an order discharging the mortgage where the mortgagee, after payment of all outstanding principal and interest has been made, refuses to execute a satisfaction of mortgage. Here, however, the petitioner admitted in his RPAPL 1921 application that there is no proof to corroborate

his assertion that he tendered full payment of the mortgage obligation to the deceased mortgagees, and the petitioner's oral assertion of payment would be inadmissible at trial or at a hearing based on CPLR 4519, the Dead Man's Statute, upon which the executor of the decedents' estate relies. Under these circumstances, we agree that the petitioner's unsubstantiated claim of payment is insufficient to satisfy his burden of proving that the mortgage obligation has been fully satisfied (*see, Albany Sav. Bank v Seventy-Nine Columbia St.,* 197 AD2d 816; *cf., Phillips v Kantor & Co.,* 31 NY2d 307; *Tancredi v Mannino,* 75 AD2d 579).

Furthermore, while the petitioner contends that the executor would be barred from commencing any action upon the mortgage pursuant to the applicable six-year Statute of Limitations (*see,* CPLR 213 [4]), he elected to commence this proceeding pursuant to RPAPL 1921 upon the ground that full payment of the mortgage obligation had been made, instead of seeking to clear title by proving that any foreclosure action would be time barred (*see,* RPAPL 1501 *et seq.*). Further, the executor's papers argued only the issues raised by the petitioner's application under RPAPL 1921. Accordingly, for the purposes of this proceeding only, the petitioner is bound by his choice of remedies (*see, Matter of Lester v Bickford,* 88 AD2d 730).

In view of our determination, we do not reach the petitioner's remaining contention and make no determination as to what would be the result under a petition brought pursuant to RPAPL 1501 *et seq.* O'Brien, J. P., Santucci, Joy and Florio, JJ., concur.