■ JEREMY PRINCE, Respondent, v ARLENE PRINCE, Appellant. [668 NYS2d 670] —In an action for a divorce and ancillary relief, the defendant former wife appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Orange County (Sherwood, J.), dated February 18, 1997, as (1) directed that $28,390 of the funds from the sale of marital investment property that was deposited in an escrow account, be used first to satisfy various, unrelated creditors, and the balance remaining in the account be used to pay down the debt owed to the parents of the plaintiff former husband, (2) directed the plaintiff to pay to the defendant the sum of only $75 per week for child support, and (3) directed the plaintiff to pay the defendant the sum of only $50 per week for maintenance. The notice of appeal from the decision dated December 23, 1996, is deemed to be a premature notice of appeal from the judgment dated February 18, 1997 (see, CPLR 5520 [c]).

Ordered that the judgment is modified by deleting the twelfth decretal paragraph thereof and by adding thereto the following decretal paragraph: "ORDERED and ADJUDGED that so much of the parties' credit card debt as is determined to be marital debt owed to various, unrelated creditors be paid out of funds held in escrow from the sale of marital investment property"; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Orange County, for further proceedings consistent herewith.

It is well settled that expenses incurred after the commencement of a matrimonial action are the responsibility of the party who incurred them (see, Gelb v Brown, 163 AD2d 189). Since the plaintiff's testimony indicated that at least part of the credit card debt of $28,390 had been incurred by him after he commenced the action, it was improper for the trial court to direct that the full amount of that debt be paid from marital assets. However, the evidence presented at trial was insufficient to establish what portion of the credit card debt is marital debt, and what portion constitutes debt personally incurred by the plaintiff after the commencement of the action. Therefore, the matter is remitted to the Supreme Court, Orange County, to determine the portion of the credit card debt which should be paid from the marital assets in the escrow account, and the portion of that debt that should be paid by the plaintiff personally.

It was also incorrect for the trial court to direct that the balance of the proceeds held in escrow must be used to "pay down the debt owed to the plaintiff's parents". Before the court can

grant affirmative relief to a third party, that party must subject himself or herself to the jurisdiction of the court (*see, Kirk v Kirk*, 177 AD2d 619; *see also, Adams v Adams*, 129 AD2d 661, 662). The credible evidence supports the conclusion that the various moneys given by the plaintiff's parents constituted loans given to the parties during the marriage, but that the parents made no effort to collect the sums owed. Since neither parent was a party to the action and did not move to intervene to recover the moneys owed, the court did not have the power to grant affirmative relief in their favor (*see, Kirk v Kirk, supra; see also, Adams v Adams, supra; cf., Reinisch v Reinisch*, 226 AD2d 615, 616). If the parents wish to pursue their claim, they must submit themselves to the jurisdiction of the court by moving to intervene (*see, Kirk v Kirk, supra*).

We have reviewed the defendant's remaining contentions and find them to be without merit. Joy, J. P., Krausman, Goldstein and Luciano, JJ., concur.