■ In the Matter of KEY BANK OF NEW YORK, as Successor to NATIONAL SAVINGS BANK OF ALBANY, Appellant, v DEL NORTE, INC., Respondent. [673 NYS2d 788] —Peters, J. Appeal

from a judgment of the Supreme Court (Canfield, J.), entered September 19, 1997 in Rensselaer County, which, in a proceeding pursuant to RPAPL 1921, dismissed the petition as time barred.

On December 23, 1987, Northeast Savings F. A. (hereinafter Northeast), respondent's predecessor in interest, provided Robert Riley, Jr. and Dorothy Riley with a revolving credit variable rate mortgage of up to $16,000, secured by property owned by them in the City of Troy, Rensselaer County. The mortgage was filed and recorded in the Rensselaer County Clerk's office on December 29, 1987.

On April 12, 1989, National Savings Bank of Albany (hereinafter National), petitioner's predecessor in interest, provided the Rileys with another mortgage, also secured by that property. This mortgage was filed and recorded in the Rensselaer County Clerk's office on April 17, 1989. On April 13, 1989, counsel for the Rileys sent Northeast payment in the amount of $6,281.28, the amount it had calculated as necessary to pay off the revolving credit variable rate mortgage in full. Therein, it was requested that Northeast forward a satisfaction of mortgage to the Rileys' designee. Northeast cashed the check but never forwarded the satisfaction of mortgage, and the Rileys continued to access that mortgage, ultimately establishing a $20,768.55 debt.

On May 13, 1996, petitioner obtained title to the mortgaged property as a result of a foreclosure proceeding. The instant proceeding was thereafter commenced against respondent* pursuant to RPAPL 1921 for an order canceling and discharging the revolving credit variable rate mortgage. After joinder of issue, Supreme Court determined that the claim premised upon RPAPL 1921 was time barred pursuant to CPLR 213 since it accrued on April 18, 1989 and the action was commenced on December 7, 1996. Petitioner appeals.

Petitioner contends that because its claim is premised upon the goal of removing a cloud on title to real property, Supreme Court erred in applying the six-year Statute of Limitations period of CPLR 213. While we agree that there is a clear distinction between proceedings commenced pursuant to RPAPL 1921, intended to obtain a discharge of a mortgage which has been fully paid, and those actions commenced pursuant to RPAPL 1501, intended to clear title to real property (*see, Matter of Goldin [Levinson]*, 227 AD2d 401, 402), petitioner here elected to

---

* Alaska Louisiana Partners was originally named as the respondent in this proceeding. Del Norte, Inc. was substituted as respondent upon consent of all parties and an amended petition was filed.

commence this proceeding pursuant to RPAPL 1921 (*see, id.*; *Matter of Lester v Bickford*, 88 AD2d 730; *see also, Barclay's Bank v Market St. Mtge. Corp.*, 187 AD2d 141). In seeking to exclude or remove another's interest in property upon the ground that full payment of the mortgage obligation was made, petitioner was required to commence this proceeding within the six-year Statute of Limitations period (*see, Orange & Rockland Utils. v Philwold Estates*, 70 AD2d 338, 341-342, *mod* 52 NY2d 253). In our view, this claim accrued under RPAPL 1921 on April 13, 1989 when the full amount of payment was tendered to Northeast along with a written request that the Rileys' designee be sent a satisfaction of mortgage (*see, Guglielmo v Unanue*, 244 AD2d 718). As petitioner commenced this proceeding well beyond the applicable period, Supreme Court appropriately found it to be time barred.

In affirming the judgment of Supreme Court, we make no determination with respect to the viability of a proceeding commenced pursuant to RPAPL 1501 *et seq.* (*see, Matter of Goldin [Levinson], supra*). Finding it unnecessary to address all other contentions in light of our determination, we affirm the judgment of Supreme Court.

Cardona, P. J., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed, with costs.