■ DANIEL SILVESTRI, Respondent, v SAMUEL IANNONE, Appellant. [689 NYS2d 241] —In an action brought by motion pursu-

ant to CPLR 3213 for summary judgment in lieu of complaint to recover on a promissory note, the defendant appeals from an order of the Supreme Court, Dutchess County (Hillery, J.), dated April 27, 1998, which granted the plaintiff's motion for summary judgment.

Ordered that the order is reversed, on the law, without costs or disbursements, and the motion is denied.

The plaintiff made a prima facie showing that he was entitled to summary judgment by submitting proof of a promissory note signed by the defendant in favor of the plaintiff's testator in the amount of $50,000. In order to avoid summary judgment the defendant was required to "show facts sufficient to require a trial of any issue of fact" (CPLR 3212 [b]; *Zuckerman v City of New York,* 49 NY2d 557). The defendant alleges that he repaid the loan during the testator's lifetime in monthly installments and that the testator kept written records of those payments. Even though the defendant's testimony would be excluded at trial upon objection under the Dead Man's Statute (CPLR 4519), such proof may be considered in opposition to a motion for summary judgment (*see, Phillips v Kantor & Co.,* 31 NY2d 307; *Tancredi v Mannino,* 75 AD2d 579; *Guzman v Strab Constr. Corp.,* 228 AD2d 645; *Zuilkowski v Sentry Ins.,* 114 AD2d 453, 454; *McEvoy v Garcia,* 114 AD2d 401; *Stone v Stone,* 76 AD2d 833). Invocation of the Dead Man's Statute is expressly limited by statute to "the trial of an action or the hearing upon the merits of a special proceeding" (CPLR 4519), since further evidence may be revealed prior to trial through disclosure or otherwise and the statutory objection may be waived (*see, Phillips v Kantor & Co., supra*). Thus, the motion for summary judgment should have been denied (*see, Tancredi v Mannino,* 75 AD2d 579, *supra*). S. Miller, J. P., Sullivan, Friedmann, Luciano and Feuerstein, JJ., concur.