| |
|---|
| **Mirvish v Mott** |
| 2008 NY Slip Op 33769(U) |
| December 30, 2008 |
| Surrogate's Court, New York County |
| Docket Number: File No. 2916/2003 |
| Judge: Renee R. Roth |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------X
David Mirvish,

                      Petitioner,

        - against-                                    File No. 2916/2003

Hanno D. Mott, Individually and as
Executor of the Last Will and Testament
of YULLA H. LIPCHITZ, Deceased, and the
Estate of YULLA H. LIPCHITZ,

                      Respondents.
-------------------------------------------------X

JAN 0 2 2009

R O T H , S .

    Incident to this contested discovery proceeding in the estate of Yulla H. Lipchitz, David Mirvish, owner of Mirvish Art Gallery ("Mirvish") seeks summary judgment determining that decedent, during her life, made a valid gift of a bronze sculpture ("The Cry") to her long-time companion, Biond Fury, who, after decedent died, sold it Mirvish. The executor of the estate, decedent's son, seeks a determination that the gift was invalid.

    The sculpture was created by decedent's pre-deceased husband, Jacques Lipchitz, the noted artist. Mrs. Lipchitz inherited "The Cry" along with many other valuable works of art in 1973 from her husband's estate.

    Around 1996 Mrs. Lipchitz developed a relationship with Fury (her companion) which lasted until her death in 2003. Over the years, decedent gave various pieces of art to him and, in making

-1-

each such gift, gave him a picture of the artwork which was attached to a written document describing the work and declaring that it was a gift. On October 2,1997, consistent with her practice, decedent gave him such a document in which she stated "I gave this sculpture 'The Cry' to my good friend Biond Fury."

It appears that the couple kept many of these gifts in their apartment, but "The Cry", which was very large, was stored with Marlborough Gallery of New York when it was not being exhibited. In 1998, the gallery lent the sculpture to the French government with an agreement that at the end of the loan period, the government had first right to negotiate its purchase. The sculpture was in Paris when decedent died in 2003.

Beginning on March 9, 2004, the companion's attorney sent several written notifications to the executor advising him of her client's ownership of "The Cry". Thereafter, on September 15, 2005 the companion sold the statue to Mirvish, who in turn notified the executor that he was now the owner and, as such, demanded the sculpture. The executor, however, informed Mirvish that, notwithstanding the claim of ownership by the companion, he no longer had control over "The Cry", because he had sold it in July 2004 to a foreign-based art gallery, Marlborough, International.

Litigation then ensued between Mirvish and the executor to establish ownership. Mirvish, brought a discovery proceeding in

-2-

this court, seeking a determination that the gift by decedent to her companion was valid, and also instituted, _inter alia_, an action against the executor for replevin and conversion.

In the course of the discovery proceeding Mirvish found letters written by the executor to the French government, well after his alleged sale of "the Cry" to Marlborough, International, where he requested, both as executor of the estate and as decedent's son and attorney, that the government either agree to purchase the sculpture or return it to him. Given the discrepancy between the contents of these letters and the executor's claim to have sold the sculpture prior to having written such letters, Mirvish speculated that the executor's alleged sale may have been a sham meant to make it appear that the statue was held by an entity without ties to the U.S. and to otherwise interfere with Mirvish's recovery attempts. Accordingly, Mirvish instituted an action in the Supreme Court, New York County, against Marlboro, International to vacate the sale. That action was recently settled and Marlboro, International has returned the sculpture to New York to be held in escrow pending a determination by this court of the validity of the gift. It is noted that, as part of the settlement, Mirvish withdrew all objections to distribution of any proceeds of the purported sale from Marlboro International to the executor.

-3-

Based upon such settlement, Mirvish has withdrawn his claims for conversion and replevin and asks for a ruling on the remaining question of the validity of the gift to decedent's companion.

In order to prevail on a motion for summary judgment, movant must make a prima facie showing of entitlement to judgment as a matter of a law, by tendering sufficient evidence to demonstrate the absence of any material issues of fact (Alvarez v. Prospect Hosp., 68 NY2d 320). If a prima facie case is established, the burden shifts to respondent to produce proof to establish the existence of a material issue of fact sufficient to defeat the motion (Alvarez v. Prospect Hospital, supra; Matter of Pollock, 64 NY2d 1156). Such issues of fact must be supported by specific and detailed allegations which are substantiated by evidence in the record and show that the issues are real and capable of being established at trial (Matter of O'Hara, 85 AD2d 669; Tancredi v. Manino, 75 AD2d 579). Mere conclusory assertions will not suffice (Matter of O'Hara, supra) and, in the absence of such a triable issue of fact, the court may grant summary judgment (Matter of Sweetland, 273 AD2d 739).

The law regarding the making of a valid inter vivos gift is also well established. There must exist intent on the part of the donor to make a present transfer; delivery of the gift, actual or constructive; and acceptance by the donee (Gruen v.

-4-

<u>Gruen</u>, 505 NYS2d 849). The claimant of the gift has the burden of proving such gift by clear and convincing evidence (<u>id</u>.).

Where, as here, a gift is alleged to have been made by way of a written instrument, the decedent's intent to effectuate an irrevocable, present transfer of ownership must be clearly and unambiguously discernible from the face of the document itself (<u>Gruen v. Gruen</u>, 104 AD2d 171). The mere intention to make a gift <u>in futuro</u> is not sufficient (<u>Matter of Nolan</u>, 61 NY2d 856, <u>Gannon v. McGuire</u>, 160 NY 476).

It is now well established that delivery can be symbolic and can be established by a declaration where the wording indicates an antecedent transfer (<u>Matter of Nolan</u>, 61 NY2d 856, <u>supra</u>; <u>Matter of Monks</u>, 171 Misc 2d 514). The <u>Nolan</u> Court, for example, held that the statement "I am giving" was not evidence of an antecedent transfer. In the instant case, however, the decedent worded her intended transaction in the past tense, <u>i.e</u>. "I gave this sculpture 'The Cry' to my good friend Biond Fury". Not only is the wording indicative of an antecedent transfer, but it also, clearly identifies the intended object and is consistent with her long pattern of making gifts of similar items to her companion.

Based upon the foregoing, it is concluded that decedent, by virtue of the deed of gift, intended to, and did, make a gift of "The Cry" to Biond Fury, which it is uncontested he accepted.

-5-

Accordingly, this decision constitutes the order of the court granting Mirvish's motion for summary judgment and denying the executor's application for the same relief.

_____
S U R R O G A T E

Dated:  December 30 , 2008