In a probate proceeding in which Mahrokh Eshaghian and Tanaz Eshaghian, as preliminary co-executors of the estate of Eshagh Eshaghian, also known as E. Ike Eshaghian, petitioned pursuant to SCPA 1809 to determine the validity and enforceability of a claim against the estate, the petitioners appeal from an order of the Surrogate’s Court, Queens County (Kelly, S.), dated June 17, 2011, which denied their motion for summary judgment on the petition.
Ordered that the order is affirmed, with costs payable by the estate.
As the parties seeking summary judgment, the petitioners bore the burden of establishing, by proof in admissible form, their prima facie entitlement to judgment as a matter of law (see CPLR 3212 [b]; Zuckerman v City of New York, 49 NY2d 557 [1980]; Shafi v Motta, 73 AD3d 729, 730 [2010]; Doe v Orange-Ulster Bd. of Coop. Educ. Servs., 4 AD3d 387, 388 [2004]). The petitioners allege that a certain written agreement forming the basis of the claim of the respondent, David Eshaghian, against the estate is not genuine or was procured through improper means and is void and/or legally unenforceable.
Here, the petitioners impermissibly attempted to establish their prima facie entitlement to judgment as a matter of law largely by pointing to alleged gaps in the respondent’s proof (see Phillips v Kantor & Co., 31 NY2d 307, 310 [1972]; Shafi v Motta, *752 73 AD3d at 730; Doe v Orange-Ulster Bd. of Coop. Educ. Servs., 4 AD3d at 388-389; Silvestri v Iannone, 261 AD2d 387, 388 [1999]; Tancredi v Mannino, 75 AD2d 579, 580 [1980]; see also Lauriello v Gallotta, 59 AD3d 497, 498 [2009]; McEvoy v Garcia, 114 AD2d 401, 402 [1985]; cf. Mantella v Mantella, 268 AD2d 852, 853 [2000]; Matter of Barr, 252 AD2d 875, 877 [1998]; Matter of Lockwood, 234 AD2d 782, 782 [1996]; Fischer v Fischer, 202 AD2d 331, 332 [1994]). Further, the petitioners failed to establish, as a matter of law, that a copy of the subject agreement would be inadmissible at trial under the best evidence rule (see Schozer v William Penn Life Ins. Co. of N.Y., 84 NY2d 639, 644 [1994]; Kliamovich v Kliamovich, 85 AD3d 867, 869 [2011]; Matter of William M. Kline Revocable Trust, 196 Misc 2d 66, 70-71 [2003]; cf. Glatter v Borten, 233 AD2d 166, 168 [1996]). Finally, none of the additional evidence submitted by the petitioners in support of their motion for summary judgment established, prima facie, that the subject agreement is not genuine or was procured through improper means and is void and/or legally unenforceable. Accordingly, the Surrogate’s Court correctly determined that the petitioners failed to establish their prima facie entitlement to judgment on the petition and, thus, properly denied their motion, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Doe v Orange-Ulster Bd. of Coop. Educ. Servs., 4 AD3d at 388). Dillon, J.E, Balkin, Leventhal and Hall, JJ., concur.