Breitel, J.
In a malpractice action against a partnership of accountants and the executors of the estate of the senior partner, the accountants’ motion for summary judgment was granted and the complaint dismissed. Plaintiff, a lender to a third-party client of the accountants, who allegedly relied on false statements of the deceased partner appeals. The issue, one of first impression in this court, is whether evidence, excludable under the Dead *310 Man’s Statute (CPLR 4519), may be considered to defeat a motion for summary judgment.
There should be a reversal and summary judgment denied. Evidence, otherwise relevant and competent upon a trial or hearing, but subject to exclusion on objection under the Dead Man’s Statute, should not predetermine the result on summary judgment in anticipation of the objection. Moreover, there is in this case sóme evidence free from exclusionary objection which suggests a palpable likelihood of establishing plaintiff’s prima facie case, without use of the evidence excludable under the Dead Man’s Statute.
On December 23, 1965, plaintiff Phillips loaned Russell Springs Manufacturing Corporation $50,000. Then, on June 21 and June 30, 1966, plaintiff Phillips loaned an affiliate, Townley Shirts, Inc., $150,000 and $50,000, respectively. Both companies were subsidiaries of Townley Associates, Inc., which manufactured shirts and materials. The companies have failed to repay the loans, and have gone severally into bankruptcy.
Plaintiff Phillips ’ pretrial deposition was completed October 9,1968. The deposition of the defendant senior partner, Joseph Kantor, was begun October 18, 1968, but on December 12, 1968, before the examination was complete, he died in an airplane crash. His executors were substituted on September 10, 1969.
In support of defendants ’ motion for summary judgment, they quote plaintiff Phillips’ statement in his pretrial examination that he relied solely on alleged, private conversations with the decedent to establish malpractice. Defendants contend that testimony by plaintiff Phillips to that effect is excludable under the Dead Man’s Statute (CPLR 4519).
The opposing affidavits quote extensively from the remainder of plaintiff Phillips’ deposition detailing the conversations. In brief, he said that the decedent told him that Townley Shirts was “ current ”, when in fact it had current debts outstanding, and that the decedent recommended the loan be made when in fact Townley Shirts was known to him to be insolvent. If this deposition were admitted into evidence, triable issues of fact would concededly be raised.
In opposition to the motion, plaintiff Phillips also relies on a letter, in the decedent’s handwriting, sent to the plaintiff with a financial statement, and testimony of the decedent on June 21, *311 196J, before a referee in bankruptcy. The letter dated March 23, 1966 states that “ The net worth of Bussell Springs is $27,000 ”. The decedent’s testimony in the Townley Shirts bankruptcy includes a statement that a balance sheet of June 30,1966, about three months later, indicated ‘ that Russell Springs shows a deficiency of capital of $215,800.25.” The financial status of Russell Springs could have been crucial to the lender. A balance sheet of Townley Shirts as of March 31, 1966, less than three months before the last loans were made, prepared by the defendant-accounting firm, shows as an asset $267,636.74 due from Russell Springs, and a total surplus of $67,598;91, plus capital stock.of $134,641.
On July 13, 1971, Special Term, in considering the motion for summary judgment, granted plaintiff Phillips a continuance “ to permit, affidavits to. be obtained from persons competent to testify as to the representations.” Additional affidavits were submitted, but they - were , held insufficient. The motion was granted and the complaint dismissed.
. Plaintiff Phillips also alleged that defendant Herbert Kantor, a lawyer and the deceased accountant’s son, was retained to. protect the lender in this transaction,. and that the financial weaknesses of the borrowing companies Were not fully disclosed. This cause of action is not involved on this appeal.
Special Term and the Appellate Division held that the only evidence to support the complaint was excludable under the Dead Man’s Statute, and that, therefore, summary judgment should be granted.
Plaintiff Phillips contends, bn the appeal, that there was evidence other than his testimony of the alleged misrepresentations of the deceased accountant. Moreover, he contends that evidence excludable under the Dead Man’s Statute should be considered to defeat summary judgment even if it is the only evidence to support the complaint.
Summary judgment should be denied where'there is any doubt, at least any significant doubt, whether there is a material, triable issue of fact (e.g., Glick & Dolleck v. Tri-Pac Export Corp., 22 N Y 2d 439, 441; Exchange Leasing Corp. v. Bundy, 29 A D 2d 828; 4 Weinstein-Korn-Miller, N. Y. Civ. Prac., ¶ 3212.05c). As stated in the Exchange Leasing case (29 A D 2d 828, supra) “Rules of evidence should be guardedly and can *312 tiously applied on an application for summary judgment, particularly where there are many exceptions to general rules and where the application of a rule of evidence or the exceptions thereto can best be. determined upon evidence offered at a trial. ” (id.). True, it has been said that inadmissible evidence is insufficient to defeat a motion for summary judgment (e.g., Cohen v. Pannia, 7 A D 2d 886; Ford v. Hahn, 269 App. Div. 436 ; 4 Weinstein-Korn-Miller, N. Y. Civ. Prac., ¶ 3212.05c, at p. 32-142.37, but compare ¶ 3212.05; 6 Carmody-Wait 2d, New York Practice, § 39:29). The case of Indig v. Finkelstein (23 N Y 2d 728), restates the rule, however, applicable to summary judgment and. indicates that an affidavit setting forth names of witnesses, the .substance of their testimony, how it was known what their testimony would be, and how the witnesses acquired their knowledge, might be sufficient to defeat a motion for summary judgment, without the witnesses’ own affidavits (id., at p. 730).
. In England, where summary judgment originated, the motion is decided, as in the United States, on affidavits (e.g., .United Founders’ Trust Ltd. v. Fitzgeorge, 7 Times L. R. .620 [1891]). To defeat the motion the opposing party need not necessarily ■“ show a good defence on the merits if he can suggest some rea- . sonable defence. ” “ Hearsay evidence is not to be shut out ” (50 English and Empire Digest 408; Karrison v. Sottenheim, 26 W. R. 362, 363 [1878]). An affidavit is not conclusive, for “ it is impossible to tell what' facts may be discovered and relied on by the time the trial comes on ” (Ray v. Newton, [1913] 1 K. B. 249,258).
In applying these general principles to cases in which the evidentiary facts in opposing affidavits are excludable under the Dead Man’s Statute, the Appellate Divisions have divided. The First Department has consistently held, until the instant case, that ‘ ‘ matter which might be excluded on a trial pursuant to [the dead man’s statute] may nevertheless be considered in determining whether a triable issue exists to defeat the motion ” (Bourgeois v. Celentano, 10 A D 2d 824, mot. for lv. to app. den. 8 NY 2d 708; Lindner v. Eichel, 34 Misc 2d 840, 846 [Matthew M. Levy, J.], affd. 17 A D 2d 735; Richardson, Evidence [9th ed.], § 414). The Second and Third Depart *313 ments now take a contrary though arguably distinguishable view (Friese v. Baird, 36 A D 2d 727 [2d Dept.]; Lombardi v. First Nat. Bank of Hancock, 23 A D 2d 713 [3d Dept.]). The First Department rule finds numerous applications at Special Term (Tichonchuk v. Orloff, 36 Misc 2d 623, 627 [Stier, J.]; de Huff v. Bulova Fund, 36 Misc 2d 28, 30 [McGivern, J.]; cf. Great Atlantic & Pacific Tea Co. v. Lloyd Brasileiro Patrimonio, 36 Misc 2d 821, 824). Emphatically, evidence excludable under the Dead Man’s Statute should not be used to support summary judgment; but that is another matter (e.g., Sprung v. Halberstam, 28 Misc 2d 636).
The Second Department initially followed the First Department rule in a succinct statement of the difference between using the excludable evidence to defeat summary judgment in contrast to using it to support summary judgment (Raybin v. Raybin, 15 A D 2d 679). But later Second and Third Department cases attempt to distinguish the Bourgeois and Raybin cases (supra) on the ground that summary judgment should be granted if the only evidence offered in opposition is excludable and “it is abundantly clear that no additional evidence can be adduced at the trial ” (Lombardi v. First Nat. Bank of Hancock, 23 A D 2d 713, supra; Friese v. Baird, 36 A D 2d 727, supra). The Weinstein-Korn-Miller treatise makes the same distinction and comments “ [t]he result is somewhat shocking but this is because of the policy of the Dead Man Statute which deliberately impedes the courts’ search for the truth on the ground that judges axld jurors are not capable of properly assessing credibility ” (supra, ¶ 4519.06, at p. 45-334).
New York’s Dead Man’s Statute by its terms makes testimony by an interested witness ‘' concerning a personal transaction or communication between the witness and the deceased ’ ’ excludable only “ [u]pan the trial of an action or the hearing upon the merits of a special proceeding ” (CPLR 4519). The executor does not waive rights under the statute by taking the opponent’s deposition (cf. Matter of Van Volkenburgh, 254 N. Y. 139, 143-144; Matter of Lalor, 28 A D 2d 66, 67). This subsidiary rule, that the statute may not be asserted or waived until the trial, is dictated by the very language of the New York statute, just quoted.
*314 In most other States, where the language of the Dead Man’s Statute is more general, it Ms been said that ‘ ‘ taking the deposition Of,, or serving interrogatories upon, one who would otherwise have , been incompetent ás a witness would constitute a waiver of such indompetency insofar as the party initiating the deposition or interrogatory was concerned” (Ann., Deposition . — Waiver of Incompetency, 23 ALB- 3d 389, 394, and cases cited; to the same effect, Ann., Dead Man Buie — Prior Discovery, 35 ALB 3d 955, 961-964). Even in the precise situation. of this case, where discovery antedated decedent’s death, the Dead Man’s Statute was held to have been waived (Brown v. Saladoff, 209 Pa. Super. Ct. 263; cf. Treharne v. Callahan, 47. F. R. D. 573, 575).
The same New York language which prevents waiver of the statute during discovéry proceedings, should also prevent the assertion of the rights under the statute prior to trial. A reason was stated below by Mr. Justice Ktjpeerman in dissent: “ [i]t is always possible that the incompetency will be waived at the trial, or the door opened, by design, or by inadvertence Moreover, Wigmore makes a strong plea for voluntary waiver of the statute by responsible representatives of estates where justice so dictates (2 Wigmore, Evidence, § 578, at p. 698).
Admittedly, a trial would seem unnecessary if it were certain, in an absolute rather than a pragmatic sense of the term, that there would be no waiver of the statute and that all the proof would be excludable. This is not a case, however, where all the evidence might be excluded, nor does such a case occur often, if ever.
The accountants emphasize plaintiff Phillips’ statement that he relied, in making the loans,, solely on private conversations with decedent. On the trial, however, plaintiff Phillips might, as he in effect has done now, modify his position and argue that he relied only ‘ ‘ primarily ’ ’ on the alleged oral misrepresentations, and that to some extent he was influenced by the letter or other writings, assuming that he can relate them. His deposition would be usable to attack his credibility on the issue of reliance, but a factual issue on that score would still have to be resolved.
There is the letter, concededly admissible, stating that Bussell Springs had a positive net worth in March, 1966. There is *315 decedent’s testimony in the bankruptcy proceedings, possibly admissible as an admission of a party (as distinguished from the inadmissibility of the testimony as a whole of the decedent in the bankruptcy proceeding), that Bussell Springs had a deficiency of capital about four months later of $215,800.25. There are the financial statements of Townley Shirts showing the large and growing debt due from Bussell Springs, an asset large enough that if it were worth significantly less than its face value, Townley Shirts would also be insolvent in the accounting sense. Each of these items, while not necessarily raising a triable issue by itself, might be offered and accepted as proof in making out a prima facie case.
In summary, the analysis suggested is conducive to producing just results in disputes. Upon a trial, the full policy of the Dead Man’s Statute will be given unstinting application. Before that time, under the .letter of the statute' evidence not otherwise infirm suffices to determine whether an issue, of fact exists,, with-' out being, overly concerned with how the parties' will/or may prevail on that issue. Most important,;a premature raising of the statutory bar will not prevent an aggrieved party front assembling his. evidence,' especially when, as in. this ease,- there, are better than fragments-.'of evidence not inadmissible which may help' to make outa case . without the barred, testimony... 'Lastly, although-.unlikely,• it. cannot be ■ that the- Dead Man’s Statute will' not said as a.matter of be ■ waived. so. long • law. as a matter of law.it.may be waived.; Of. course^ - it is .the, earmark of '.summary judgment , that the' court is confined .to determining whether ah issue of fact exists as amattéf of law. - . Accordingly, the order of the Appellate Division should be reversed, and the motion for'summary judgment denied, without cost's. "