■ WILLIAM SHERMAN, Respondent, v THEODOR SCHONFELD et al., Appellants.—Appeal from an order of the Supreme Court at Special Term, entered April 16, 1975 in Albany County, which granted plaintiff's motion for summary judgment. The underlying action herein was commenced by plaintiff, a real estate broker, to recover damages based upon an unpaid real estate commission. When the case was reached for trial on March 7, 1974, a stipulation of settlement was entered into by the parties whereby it was agreed that, in settlement of the litigation, defendant Skylane Inn Corp. (Skylane) would pay plaintiff $6,500 on or before April 1, 1974 and $500 each and every quarter thereafter until a total of $15,000 was paid so long as defendant Clemens Skylane Motel, Inc. (Clemens) remained a tenant of certain property located at 1927 Central Avenue, Town of Colonie, Albany County. The instant dispute centers upon Skylane's failure to make the $500 quarterly payment allegedly due plaintiff January 1, 1975. Based upon an uncontradicted statement in an affidavit of plaintiff's attorney to the effect that Clemens was still in possession of the subject property on January 18, 1975, Special Term granted plaintiff summary judgment in the sum of $500 together with interest from January 1, 1975 and $10 costs. The court concluded that, for purposes of the stipulation of settlement, Clemens was in possession under an obligation to pay rent and said obligation must "be treated as the equivalent of actual payment, unless and until Skylane shall actually 'take back the property' ". Defendants now appeal and argue that plaintiff was not entitled to summary judgment. We agree. Pursuant to the stipulation of settlement, it was further specifically provided that

Skylane's obligation to pay plaintiff was "expressly contingent upon the continued payment of rent" by Clemens under the lease for the subject property. Accordingly, actual payment of rent by Clemens was explicitly required before Skylane became liable to pay plaintiff, and nothing in this record justifies Special Term's equating Clemens' mere possession under an obligation to pay rent with actual payment. Moreover, there being a material question of fact presented as to whether or not Clemens' rent was paid for the fourth quarter of 1974, a trial is necessary to resolve this issue and to determine if plaintiff can properly recover for the January 1, 1975 payment allegedly due from Skylane *(Phillips v Kantor & Co.,* 31 NY2d 307). Order reversed, on the law, with costs. Kane, J. P., Mahoney, Main, Larkin and Herlihy, JJ., concur.