■ FRANCIS ZUILKOWSKI et al., Respondents, v SENTRY INSURANCE, a Mutual Company, et al., Appellants, et al., Defendants.—In a declaratory judgment action to determine insurance coverage, defendants Sentry Insurance, a Mutual Company, and Royal Insurance Co. of America separately appeal, as limited by their briefs, from so much of an order of the Supreme Court, Suffolk County (Stark, J.), dated December 14, 1984, as denied their motions for summary judgment.

Order modified, on the law, by granting defendant Royal Insurance Co. of America's motion for summary judgment, and it is declared that Royal Insurance Co. of America is not required to defend or indemnify defendants Hope with respect to an automobile accident which occurred on September 1, 1977. As so modified, order affirmed, insofar as appealed from, without costs or disbursements.

Plaintiffs seek a declaratory judgment that one or the other of defendant insurance companies insured defendants Hope on September 1, 1977, when plaintiffs sustained injuries in an automobile accident.

In support of their motions for summary judgment, both insurance companies submitted affidavits of employees who stated that after an extensive search of their respective insurance company's records, they had uncovered no record indicating that they had insured defendants Hope during the relevant time period. In addition, both Royal and plaintiffs secured Department of Motor Vehicles form FS-25, indicating that defendant Sentry Insurance had been the defendants Hopes' insurer as of August 15, 1977, two weeks prior to the date of the accident. Defendant Sentry Insurance also submitted a police report of the accident which indicated the insurance coverage for Mr. Hope's vehicle was company code 293, Royal's code number.

However, the record also discloses that the police officer who wrote the report gave defendant Wilfred Hope a summons for failure to carry proof of insurance coverage on the date of the accident, and the record is devoid of any explanation by one with personal knowledge of the source of defendant Royal's code number.

Plaintiffs did not oppose defendant Royal's motion for summary judgment and the only proof submitted which connected defendant Royal with the accident was the notation in the police officer's report. Under the facts of this case, this does not present material of sufficient import to defeat defendant Royal's motion. " 'A shadowy semblance of an issue is not enough to defeat the motion' " *(Capelin Assoc. v Globe Mfg. Corp.,* 34 NY2d 338, 341).

In opposition to defendant Sentry's motion, plaintiffs relied upon the Department of Motor Vehicles FS-25 form. We find that the evidentiary facts derived from this form are sufficient to present a triable issue of fact as to whether Sentry was the defendants Hopes' insurer at the time of the accident *(cf. Nassau Ins. Co. v Manzione,* 112 AD2d 408; *Matter of State Farm Mut. Auto. Ins. Co. v Yeglinski,* 79 AD2d 1029).

Defendant Sentry's contention that we should not consider the FS-25 form because, as presented, it was inadmissible, lacks merit. Our courts have recognized that proof which might be inadmissible at trial may, nevertheless, be considered in opposition to a motion for summary judgment *(e.g., Phillips v Kantor & Co.,* 31 NY2d 307; *Cohen v Herbal Concepts,* 100 AD2d 175, 177, *affd* 63 NY2d 379). Mollen, P. J., Thompson, Bracken and O'Connor, JJ., concur.