■ JEROME HOLLSTEGGE, Respondent, v LAWRENCE TORTORICI, Individually and as President of SEASONS END, INC., Appellant, et al., Defendant.—Order of the Supreme Court, New York County, entered on or about July 12, 1984 (Bruce Wright, J.), which granted plaintiff's motion for summary judgment against the defendant-appellant Tortorici, modified, on the law, and the motion denied and the said defendant-appellant granted leave to interpose affirmative defenses, without costs.

In April 1983, the plaintiff sued the defendant-appellant Tortorici, individually and as president of Seasons End, Inc., a defendant which is not an appellant on this motion, to recover monetary damage in the amount of $20,000 as a payment in consideration of a restrictive covenant.

It is alleged that the plaintiff and defendants agreed, in a handwritten contract entitled "Restrictive Covenant", that if the plaintiff did not engage in the "Restaurant and/or Bar Business" within three blocks of 323 East 79th Street, Manhattan, for a period of three years, plaintiff would be paid $20,000 within "six (6) months * * * of [the] closing of title".

The plaintiff was the manager of such a business at the address indicated, and by a separate agreement of December 8, 1981, Tortorici purchased the business and fixtures, etc., from 323 East 79th Street Rest. Inc. The "Restrictive Covenance" is undated and separate but refers to the December 8, 1981 agreement.

Seasons End, Inc., asserts the affirmative defense that Tortorici did not have the capacity to enter into the restrictive arrangement for it, while Tortorici counters that he did not act individually but only on behalf of Seasons End, Inc. There seems to be a divergence of interest at the present time between Tortorici and Seasons End, Inc.

Plaintiff moved for summary judgment, alleging that the closing of title was completed by August 12, 1982 and his compliance with the restriction and a failure to pay, in accordance therewith, within six months. Defendant-appellant Tortorici cross-moved for summary judgment, alleging a breach of the restriction by the plaintiff engaging in the prohibited business at "Turtles", a restaurant at 1563 York Avenue, within the proscribed area, and alleging further that title never closed, because a certain indebtedness and taxes and fines and electricity bills had not been paid, resulting in eviction.

The court at Special Term granted summary judgment against Tortorici, individually, and he appealed.

The affirmative defense of failure to close title and failure to comply with the restrictive covenant was sought to be pleaded by Seasons End, Inc., but permission was granted by Special Term only for the affirmative defense of breach of the contract.

The affidavit of defendant-appellant Tortorici, in opposition to summary judgment, sets forth the situation which raises issues of fact with respect to both closing of title and compliance with the restriction. Although not specifically pleaded, they may be taken into consideration on this motion. *(See, Phillips v Kantor & Co.,* 31 NY2d 307, 311; Byer, Civil Motions § 324d [4] [1984].)

Permission is granted to plead the affirmative defenses and the motion for summary judgment should be denied. Concur— Kupferman, J. P., Ross and Carro., JJ.

Sullivan and Rosenberger, JJ., concur in a memorandum by Sullivan, J., as follows: In this action to recover $20,000 due and owing in consideration of plaintiff's execution of a restrictive covenant not to engage in the "restaurant/bar business" within three blocks of 323 East 79th Street in New York City for a period of three years, defendant Tortorici appeals from the grant of plaintiff's motion for summary judgment against him, individually. Plaintiff's motion for summary judgment against codefendant Seasons End was denied. Plaintiff was the former manager of the restaurant which had previously done

business at that location. At the time Seasons End purchased the business, Tortorici, in his individual capacity, executed a restrictive covenant, separate and apart from the purchase agreement, providing that $20,000 was to be paid to plaintiff six months from the date of closing of title.

Tortorici has refused to honor that commitment on the ground that he did not act individually, but only on behalf of Seasons End. In his cross motion for summary judgment he also alleged that plaintiff has violated the restrictive covenant, and that title never closed because the seller failed to meet its obligation to furnish certain documentation at the closing to enable an escrow fund to be established for the payment of taxes and the claims of prior creditors. Tortorici thus argues that, since there has not been a "closing", payment is not due on the $20,000 obligation.

As to the latter claim, plaintiff submitted a copy of an executed bill of sale, dated August 12, 1982, from 323 East 79th Street Restaurant to Seasons End transferring the fixtures and equipment located at 323 East 79th Street. Also submitted was a security agreement and chattel mortgage between the parties, a sales tax agreement, and a UCC-1 notice of financing statement. All were executed by Tortorici on behalf of Seasons End. Clearly, title was transferred to Seasons End. Thus, there is not even a semblance of an issue as to this particular claim and it should be rejected as a matter of law.

In support of his argument that plaintiff has violated the restrictive covenant, Tortorici states that plaintiff and his partner "have both acknowledged" that plaintiff was "involved" in another bar in an ownership capacity. Plaintiff denies only that he was employed at the other location, leaving open the possibility that he may indeed be involved there in an ownership capacity. It should also be noted that payment of the $20,000 was due six months from the date of closing, and was not conditioned upon performance over the three-year period. Fairly construed, however, plaintiff was not free to compete within the first six months after the closing and still claim entitlement to the $20,000. Since plaintiff may have been in violation of the covenant during the first six months, an issue of fact is presented. As to any default thereafter, it should be noted that Tortorici has failed even to allege noncompliance as an affirmative defense. Nor has he counterclaimed on the basis of any such default.

Finally, the argument that Tortorici was acting only on behalf of Seasons End in executing the restrictive covenant is

belied by the agreement itself. He signed in his individual capacity only, and the body of the agreement, which makes reference to the sale of the business, recites that he, not Seasons End, is the buyer. "It is incumbent upon a defendant who opposes a motion for summary judgment to assemble, lay bare and reveal his proofs, in order to show that the matters set up in his answer are real and are capable of being established upon a trial [citation omitted]." *(Di Sabato v Soffes,* 9 AD2d 297, 301.)

Accordingly, while I agree that the order awarding summary judgment in plaintiff's favor against defendant Tortorici should be reversed, I would limit the issue at trial, as to his liability, to plaintiff's compliance with the covenant not to compete.