(December 26, 1989)

■ ROBERT ABRAHAMSEN et al., Respondents, v BROCKWAY GLASS COMPANY, INC., Defendant and Third-Party Plaintiff-Appellant. PEPSI-COLA METROPOLITAN BOTTLING Co., INC., Third-Party Defendant-Appellant.—In an action to recover damages for personal injury, etc., based upon negligence, product liability, and breach of warranty, the defendant and the third-party defendant separately appeal from an order of the Supreme Court, Kings County (Bellard, J.), dated March 3, 1989, which, upon granting the plaintiffs' motion for renewal

and reargument, (1) vacated its prior order dated December 6, 1984 awarding the defendant and third-party defendant summary judgment dismissing the complaint and third-party complaint, and (2) restored the action to the Trial Calendar.

Ordered that the order dated March 3, 1989, is reversed, with one bill of costs to the appellants appearing separately and filing separate briefs, the plaintiffs' motion is denied, and the order dated December 6, 1984, is reinstated.

The instant action arises from the explosion of a bottle manufactured and inspected by the defendant Brockway Glass Company, Inc. (hereinafter Brockway), while the bottle was undergoing the filling process at the plant of the third-party defendant Pepsi-Cola Metropolitan Bottling Co., Inc. (hereinafter Pepsi). At the time of the incident, the plaintiff Robert Abrahamsen was a mechanic employed by Pepsi, and he was attempting to repair a malfunctioning filler machine at the Pepsi plant. In his complaint, the plaintiff Robert Abrahamsen alleged that as the bottle was being pressurized it exploded and propelled glass across the room, causing his injuries. In sum, he asserted that the bottle was negligently and/or defectively designed, manufactured, or inspected, and that it failed to meet industry specifications for pressurization.

The plaintiffs' initial submission of deposition testimony and affidavits in opposition to the motions by Brockway and Pepsi for summary judgment failed to raise any triable issues of fact concerning the allegedly defective bottle, and the assertions as to the merits of their action were mere conclusions, expressions of hope, or unsubstantiated allegations (see, Olan v Farrell Lines, 64 NY2d 1092, 1093; Zuckerman v City of New York, 49 NY2d 557, 562).

The plaintiffs then sought leave, inter alia, to renew, and indicated that they previously made a tactical decision not to disclose an expert's report which would raise issues of fact concerning their claims of negligent design and manufacture of the bottle. The Supreme Court conditionally granted this motion on the ground that the plaintiffs furnish it and the opposing parties with copies of the report prior to any determination of the merits of the motion. The plaintiffs did not furnish an expert's affidavit or sworn report but submitted a letter from a consulting engineer. The Supreme Court granted the plaintiffs' motion to vacate its prior order and restored the action to the calendar based upon this letter and previously submitted deposition testimony.

We find that since the purported expert's report existed at

the time the prior motions for summary judgment were made, and since the plaintiffs failed to submit any valid excuse for not submitting the additional facts upon the original motion, the Supreme Court improvidently exercised its discretion in granting the plaintiffs' motion to renew (see, e.g., Foley v Roche, 68 AD2d 558, 567-568). In any event, the letter of the plaintiffs' purported expert was inadmissible, since it was unsworn and failed to outline the expert's qualifications (see, CPLR 3212 [b]; Zuckerman v City of New York, supra; Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065, 1067-1068; Clifford v Black Clawson Co., 145 AD2d 808, 810-811; Zoldas v Louise Cab Corp., 108 AD2d 378, 383). Absent admissible evidence which would support the plaintiffs' causes of action, the motion to vacate the prior order awarding Brockway and Pepsi summary judgment and dismissing the complaint and third-party complaint should have been denied.

We have considered the parties' remaining contentions and find them to be without merit. Brown, J. P., Kunzeman, Harwood and Rosenblatt, JJ., concur.