■ ROBERT C. DELDIN, Appellant, et al., Plaintiff, v BARBARA A. BERNARDO, as Executrix of MICHAEL BERNARDO, JR., Deceased, et al., Respondents.—Weiss, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Dickinson, J.), entered April 12, 1989 in Putnam County, which, *inter alia,* denied plaintiff Robert C. Deldin's motion for partial summary judgment.

Plaintiff Robert C. Deldin and Michael Bernardo, Jr., who were both engaged in the insurance business in the Village of Brewster, Putnam County, entered into various business relationships, only one of which is at issue on this appeal. Prior to December 1983, Deldin owned two parcels of real estate in Brewster which he contends he agreed to convey to himself and Bernardo as joint tenants with the right of survivorship in which each would operate his own business. As consideration for the transfer, Bernardo agreed to assist in obtaining mortgage refinancing on the two properties and to share expenses. A deed conveying 17 Oak Street dated December 6, 1983 and a deed to 84A Progress Street dated November 10, 1984 were both executed by Deldin. Inexplicably, neither deed included the words required to establish ownership as joint tenants, resulting instead in a tenancy in common. Subsequently, in December 1984 they executed an agreement which created a real estate partnership providing for equal sharing of expenses and management and, upon the death of either, sole ownership to vest in the survivor. The agreement specified that "[i]n consideration of this ownership arrangement", each agreed to obtain a $125,000 policy of insurance on his life

naming as beneficiary the surviving spouse and children of the other party. In the mortgage refinancing, $100,000 remained on hand, allegedly to be used to refurbish and renovate the offices. By December 1987, Bernardo had moved out and Deldin sought dissolution of their relationships in both the insurance business and the real estate. Bernardo died on January 2, 1988. After unsuccessful attempts to resolve disputes with the executrix of Bernardo's estate (hereinafter defendant), this action was commenced seeking, *inter alia*, a judgment declaring Deldin to be sole owner of the real estate and for an order permitting him to use the remaining $100,-000 balance from refinancing of the mortgage. Supreme Court denied Deldin's motion for partial summary judgment and defendant's cross motion for summary judgment dismissing the complaint. Plaintiff has appealed.

Defendant has clearly established the presence of triable issues of fact relative to the termination of the partnership agreement and whether the partnerships had been dissolved and were being wound up. In addition, while Deldin contends that he and Bernardo decided not to obtain life insurance policies, the agreement clearly states that those policies were the consideration for the ownership arrangement. Defendant argues that the failure of consideration requires that title to the real property be a tenancy in common in which she inherited her husband's share. Resolution of this issue requires proof at a trial. Similarly, Deldin's supporting affidavit, without documentation, is insufficient to prove that the parties waived the policies because the partnership lacked funds to pay premiums. Further, in the absence of business records or other satisfactory proof, the right to the $100,000 held as a partnership asset cannot be determined. Summary judgment must be denied in the presence of these material, triable issues of fact *(see, Phillips v Kantor & Co.,* 31 NY2d 307, 311; *Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404).

Order affirmed, with costs. Kane, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.