■ MAX GUZMAN, Respondent, v STRAB CONSTRUCTION CORP. et al., Defendants, LONG ISLAND LIGHTING Co. et al., Respondents, and GREG MILLER, Appellant. [645 NYS2d 318]

The plaintiff was injured when he fell from his bicycle after hitting a trench in the roadway in front of 40 Dawes Avenue in Lynbrook, New York. The plaintiff commenced this action against, *inter alia*, the appellant Greg Miller and the respondent Long Island Water Corporation. The appellant had been doing plumbing work at 40 Dawes Avenue. Long Island Water Corporation had also been working on Dawes Avenue.

Long Island Water Corporation and the appellant separately moved for summary judgment. The appellant contended that he only performed work inside the premises located at 40 Dawes Avenue and not on the roadway. The opposing parties submitted a copy of an application to the Village of Lynbrook in the appellant's name requesting a permit to connect the house sewer to the public sewer and various permits allowing him to work at 40 Dawes Avenue. Although these documents had not been properly authenticated, the court found that these documents created a triable issue of fact and denied the appellant's motion for summary judgment.

In order to defeat a motion for summary judgment after the movant has made out a prima facie case, the opposing party must "show facts sufficient to require a trial of any issue of fact" (CPLR 3212 [b]; *Zuckerman v City of New York,* 49 NY2d 557). Generally, an opposing party must make a showing of evidentiary proof in admissible form *(see, Zuckerman v City of New York, supra).* Under certain circumstances "[o]ur courts have recognized that proof which might be inadmissible at trial may, nevertheless, be considered in opposition to a motion for summary judgment" (*Zuilkowski v Sentry Ins.,* 114 AD2d 453, 454; *see also, Phillips v Kantor & Co.,* 31 NY2d 307). The evidentiary facts derived from the documents submitted are sufficient to present a triable issue of fact as to whether the appellant cut the trench in the roadway *(see, Zuilkowski v Sentry Ins., supra).*

The appellant's remaining contentions are either unpreserved for appellate review *(see,* CPLR 5501 [a]) or without merit. Miller, J. P., O'Brien, Goldstein and McGinity, JJ., concur.