■ Theresa Falco, Appellant, v Christopher Falco, Respondent. [668 NYS2d 715] —In an action for a divorce and ancillary relief, the plaintiff wife appeals from an order of the Supreme Court, Rockland County (Miller, J.), dated May 13, 1997, which, after a hearing, granted the defendant's motion to set aside the separation agreement entered into by the parties on May 31, 1996.

Ordered that the order is reversed, on the law and as a matter of discretion, with costs payable by the respondent to the appellant, and the motion is denied.

On May 31, 1996, the defendant appeared in court, and, after stating under oath that he was not "under the influence of any medication or any kind of alcoholic substance that would interfere with" his judgment, executed a separation agreement which resolved the parties' ancillary issues. By notice of motion dated July 3, 1996, he moved to set aside that agreement, on the grounds, *inter alia*, that "I was not at my most alert mentally as a result of the tensions I felt". By order dated July 29, 1996, his motion was denied.

Thereafter, by notice of motion dated November 26, 1996, the defendant made a second motion to set aside the separation agreement, on the ground that, on May 31, 1996, he was "under the influence of Percocet and Valium", which "clouded" his thinking. In support of his motion, the defendant submitted an affidavit from his treating physician, stating that he was treating the defendant from May 2, 1996, until June 30, 1996, for severe lumbar sprain, and that he prescribed Percocet and Valium for the defendant during that period. The plaintiff, in opposition, argued that the defendant should have brought up the issue of prescription medication on the prior motion.

In the order appealed from, the court set aside the separation agreement, on the ground, *inter alia*, that the defendant made "almost immediate attempts to set aside the agreement", apparently referring to the defendant's prior motion, which was denied by order dated July 29, 1996.

The instant motion, which was for the identical relief sought by the prior motion, was based upon facts which were available to the defendant at the time the original motion was made. The defendant gave no excuse for failing to present those facts when he made the original motion.

In view of the foregoing, granting the defendant the relief requested was improper (*see, Abrahamsen v Brockway Glass Co.*, 156 AD2d 615; *Foley v Roche*, 68 AD2d 558, 567-568). Accordingly, the order appealed from is reversed and the motion is denied.

The appellant's remaining contentions need not be addressed in light of our determination. Joy, J. P., Krausman, Goldstein and Luciano, JJ., concur.