■ Kwɪ Bᴏɴɢ Yɪ, Respondent, v JNJ Sᴜᴘᴘʟʏ Cᴏʀᴘ. et al., Appellants, and Dᴜᴋ Sɪᴋ Kɪᴍ, Respondent. [711 NYS2d 906] —In an action to recover damages for personal injuries, the defendants JNJ Supply Corp. and Jose Malo appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Golia, J.), dated April 12, 1999, as denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

Where, as here, a movant has made out a prima facie case for summary judgment, the opposing party must show the existence of a triable factual issue to defeat the motion (*see,* CPLR 3212 [b]; *Zuckerman v City of New York,* 49 NY2d 557). Generally, the opposing party must make such a showing by way of evidentiary proof in admissible form (*see, Zuckerman v City of New York, supra*). However, under certain circumstances "[o]ur courts have recognized that proof which might be inadmissible at trial may, nevertheless, be considered in opposition to a motion for summary judgment" (*Zuilkowski v Sentry Ins.,* 114 AD2d 453, 454; *see also, Phillips v Kantor & Co.,* 31 NY2d 307). Under the circumstances of this case, the facts evident in the papers submitted in opposition to the motion are sufficient to present triable issues of fact as to whether the defendant Jose Malo was negligent in the manner in which he operated his vehicle and, if so, whether his negligence was a proximate cause of the accident which caused the plaintiff's injuries (*see generally, Guzman v Strab Constr. Corp.,* 228 AD2d 645; *see also, Chianese v Meier,* 246 AD2d 328). Sullivan, J. P., Florio and Luciano, JJ., concur.

Feuerstein, J., dissents and votes to reverse the order insofar as appealed from, with the following memorandum: I believe that the majority decision is incorrect and that the majority has failed to consider the ramifications of its determination. Accordingly, I must respectfully dissent.

Initially, there is no dispute that the defendants, JNJ Supply Corp. and Jose Malo met their burden of demonstrating prima facie entitlement to judgment as a matter of law. In opposition to the motion, the plaintiff relied solely upon an affidavit of the defendant Duk Sik Kim (hereinafter "the Kim affidavit"), to create an issue of fact regarding the alleged negligence of Malo. There also can be no dispute, and the majority agrees, that the Kim affidavit is not in admissible form. The affidavit is written in English, but Kim speaks only Korean. Although the Kim affidavit contains a statement that the affidavit as written was translated to Kim in Korean, there is no affidavit from the translator stating his or her qualifications and that the translation was accurate, as is required by CPLR 2101 (b) (*see, Yoshida Printing Co. v Aiba,* 240 AD2d 233). The only question then is whether this inadmissible affidavit alone is sufficient to defeat the movants' entitlement to summary judgment.

This Court has consistently held that where the party opposing summary judgment submits evidence which is not in admissible form, the motion court should not consider it and summary judgment should be granted (*see, Lukin v Bruce,* 256 AD2d 388; *Buonaiuto v Shulberg,* 254 AD2d 384; *Farjam v Michael Mgt.,* 253 AD2d 535; *Mittendorf v Brooklyn Union Gas Co.,* 195 AD2d 449; *Hagan v General Motors Corp.,* 194 AD2d 766; *Majestic Farms Supply v Surowiec,* 160 AD2d 777; *Abrahamsen v Brockway Glass Co.,* 156 AD2d 615). While the majority is correct that inadmissible evidence may be considered by the court in opposition to a motion for summary judgment, this exception to the general rule is applicable only under certain circumstances, and where there is a sufficient excuse for the failure to submit the evidence in admissible form (*see, Egleston v Kalamarides,* 58 NY2d 682; *Allstate Ins. Co. v Keil,* 268 AD2d 545; *Schiffren v Kramer,* 225 AD2d 757; *Rue v Stokes,* 191 AD2d 245; *Landisi v Beacon Community Dev. Agency,* 180 AD2d 1000).

Further, the cases cited by the majority to support their conclusion are inapplicable to this case. In *Phillips v Kantor & Co.* (31 NY2d 307), the Court of Appeals held that evidence which could be excluded at trial based upon the application of the "Dead Man's Statute" was nevertheless properly *considered*

by the court in opposition to a motion for summary judgment. Similarly, in *Zuilkowski v Sentry Ins.* (114 AD2d 453), this Court held that evidence which "might be inadmissible at trial may, nevertheless, be *considered* in opposition to a motion for summary judgment" (*Zuilkowski v Sentry Ins., supra,* at 454 [emphasis supplied]). In those cases, the inadmissible evidence was not the only evidence submitted in opposition. Additionally, there is no issue regarding the unique application of the "Dead Man's Statute" as was involved in *Phillips.* I have no objection to inadmissible evidence being considered, if there is a reasonable excuse for the failure to have the evidence in admissible form and if the party opposing summary judgment does not rely solely upon the inadmissible proof to sustain its burden. Here, the plaintiff did not offer any excuse for the failure to submit an affidavit from the translator, and the inadmissible Kim affidavit was the only evidence submitted in opposition to the motion. As a result, the exception to the general rule cannot be applied in this case, and I would grant summary judgment. To hold otherwise, I believe, would deviate from the requirements that a party must lay bare his or her proof in opposition to a motion for summary judgment (*see, Zuckerman v City of New York,* 49 NY2d 557).