OPINION OF THE COURT
Martin M. Solomon, J.
The plaintiff moves for summary judgment on the issue of li *351 ability. The moving papers show that plaintiff was stopped at a traffic light when his vehicle was hit in the rear by defendant’s vehicle.
“The operator of the moving vehicle is required to rebut the inference of negligence created by an unexplained rear-end collision, because he is in the best position to explain whether the collision was due to a reasonable, nonnegligent cause. If the operator of the moving vehicle cannot come forward with any evidence to rebut the inference of negligence, the operator of the stationary vehicle may properly be awarded summary judgment on the issue of liability.” (Leonard v City of New York, 273 AD2d 205, 205-206 [2d Dept 2000].)
The papers submitted in opposition to the motion include an affidavit from Baljit Singh, the defendant driver, to the effect that plaintiff stopped short on the far side of the intersection having passed under a yellow light. Under ordinary circumstances, this affidavit would be sufficient to establish an issue of material fact which would compel denial of the motion. In the instant case, however, Mr. Singh is precluded from testifying at the trial of the action for failure to appear at an examination before trial.
The first issue the court must determine is whether to give any consideration whatsoever to the affidavit of Mr. Singh. Surprisingly, the court’s research on the use of an affidavit of a witness who is precluded from testifying at trial to defeat summary judgment has uncovered no cases directly on point.
It is well established “that one opposing a motion for summary judgment must produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact on which he rests his claim or must demonstrate acceptable excuse for his failure to meet the requirement of tender in admissible form; mere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient [citations omitted].” (Zuckerman v City of New York, 49 NY2d 557, 562 [1980].) In the usual case, an affidavit or affirmation of an attorney will not rest on a sufficient factual footing to defeat the motion for summary judgment. (Id.)
The fact that opposition to a motion for summary judgment is in inadmissible form does not, however, compel a determination that it is unworthy of any consideration. There are several lines of cases which hold that evidence which is not admissible at trial must be considered and may be sufficient to defeat a motion for summary judgment. The lead case in the area is *352 Phillips v Kantor & Co. (31 NY2d 307 [1972]), which involves testimony precluded from the trial by operation of CPLR 4519, commonly known as the Dead Man’s Statute. There are numerous cases that follow Phillips regarding use of testimony precluded from trial by virtue of CPLR 4519 to defeat a motion for summary judgment.
Hearsay may be considered in opposition to a motion for summary judgment and may be sufficient to defeat the motion. (Krampen v Foster, 242 AD2d 913 [4th Dept 1997]; Landisi v Beacon Community Dev. Agency, 180 AD2d 1000 [3d Dept 1992]; see also, Schiffren v Kramer, 225 AD2d 757 [2d Dept 1996].) A good analysis of the issues regarding the use of hearsay, which has some pertinence to analysis of the instant matter, is contained in Landisi v Beacon Community Dev. Agency (supra).
“Generally, ‘[h] ears ay evidence is not to be shut out’ from consideration in opposition to a motion for summary judgment (Phillips v Kantor & Co., 31 NY2d 307, 312 [citation omitted]; see also, Wertheimer v New York Prop. Ins. Underwriting Assn., 85 AD2d 540). Where a party submits affidavits which identify the witnesses, the substance of their testimony, how it is known what that testimony would be and how the witnesses acquired their knowledge, the hearsay set forth in such affidavits may be sufficient to defeat a motion for summary judgment provided an acceptable excuse for the failure to tender evidence in admissible form is supplied (Egleston v Kalamarides, 58 NY2d 682, 684; see, Zuckerman v City of New York, 49 NY2d 557, 562; Indig v Finkelstein, 23 NY2d 728).” (Landisi v Beacon Community Dev. Agency, 180 AD2d 1000, 1002 [3d Dept 1992], supra.)
The cases in this area are generally not as fully developed as this reasoning suggests. Generally, the cases in this area consider one or more of these factors in determining the issue. See, for example, Parkson v Store 24 (232 AD2d 465 [2d Dept 1996]), where the alleged statements of an unidentified hearsay declarant were insufficient to create a triable issue of fact as to prior notice of the alleged condition.
Other classes of evidence which have been held to be within the consideration of the court and possibly sufficient to defeat a motion for summary judgment include improperly authenticated documents (Guzman v Strab Constr. Corp., 228 AD2d 645 [2d Dept 1996]; Zuilkowski v Sentry Ins., 114 AD2d 453 [2d Dept 1985]) and parol evidence (Lawrence v Mountain, 234 AD2d 974 [4th Dept 1996]).
*353 A recent case, Kwi Bong Yi v JNJ Supply Corp. (274 AD2d 453 [2d Dept 2000]), involved the affidavit of a witness who did not understand English, but whose affidavit had been drafted and written in English and translated to him by an unofficial translator. The Appellate Division found that even though the affidavit was irregular it could be considered to defeat the motion for summary judgment.
An underlying factor in a substantial proportion of the cases appears to be the fact that the defects in the opposition to the motion are curable upon the trial of the action. In a number of these cases the courts have expressly noted the availability of additional or alternative evidence which could potentially be produced at trial. In addition, in connection with the Dead Man’s Statute, the courts have noted that CPLR 4519 may be waived at trial, which, parenthetically, can easily occur inadvertently. Even in this context, however, the Court of Appeals noted that “a trial would seem unnecessary if it were certain * * * that all the proof would be excludable.” (Phillips v Kantor & Co., supra, at 314; see also, Matter of Lockwood, 234 AD2d 782 [3d Dept 1996].)
In the instant case, preclusion of the witness’ testimony at trial was stipulated by counsel upon the failure of the witness to appear for examination before trial. Under these circumstances, the court does not find a waiver of preclusion of the witness at trial to be within the realm of reasonable possibilities.
The preclusion of the witness for discovery abuses is perhaps the poorest excuse for failing to produce evidence in admissible form. While there may be special circumstances where the preclusion is basically unavoidable, for example, when it is based on the inability of the witness to appear for examination due to age or infirmity, generally the unavailability of the testimony evidence is wholly within the party’s control. It is manifestly unjust to permit the use of the party’s affidavit to defeat a motion for summary judgment when that party avoided examination under oath to the point of preclusion.
Considering the reasoning in all these cases the court finds that the affidavit of a precluded witness can be considered in opposition to a motion for summary judgment. The affidavit, however, can only be offered to show that there is admissible evidence, other than the precluded witness’ testimony, which can be produced upon the trial of the action. An acceptable excuse for failure to produce evidence in admissible form must also be included in the opposition to the motion.
*354 In the context of the instant motion for summary judgment, there is no suggestion in the opposing papers that there is any evidence other than the precluded testimony which might be offered at trial. Neither the affidavit of Mr. Singh nor anything included with the moving papers, including the police report, suggests the existence of any independent witness to the accident who might be offered to dispute the testimony of the plaintiff. The opposition does not suggest that plaintiff gave varying or contradictory accounts of the accident. Thus, the opposition is entirely and wholly based upon Mr. Singh’s version of the incident, which he is precluded from testifying to at trial. Finally, no excuse or explanation for the preclusion of Mr. Singh is offered in connection with the opposition to the motion.
For the foregoing reasons, the court finds that defendant’s submission is insufficient to establish that there is a genuine material issue of fact that requires a trial on the issue of liability. The plaintiffs motion for summary judgment on the issue of liability is granted.