OPINION OF THE COURT
Kenneth L. Gartner, J.
*227 The plaintiff, a licensed New York provider of home health aide services, has brought the instant action against the son of one of its former patients, who was also allegedly the patient’s guarantor, to recover fees allegedly due but unpaid by the patient.
The plaintiff now moves for summary judgment pursuant to CPLR 3212.
The defendant has submitted in opposition solely an unsworn letter, written by him, personally. The letter asserts that he did not guarantee payment to the plaintiff, that the signature on the document advanced by the plaintiff purportedly doing so is not his, that the services for which payment is sought were never rendered, or to the extent rendered were rendered negligently, that he is homebound with multiple sclerosis, and that he has been abandoned by his retained counsel.
Under the seminal case of Zuckerman v City of New York (49 NY2d 557 [1980]), a party opposing summary judgment is required to submit evidence in admissible form. Unsworn statements may not be considered at all. Strict application of this rule would preclude consideration of the defendant’s letter.
However, as observed by Professor Siegel, “because of the drastic nature of the summary judgment remedy ... a court will occasionally entertain evidence on it that would be inadmissible at the trial . . . if it tends to defeat the motion.” (Siegel, 2001 Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3212:18.)
This sparingly applied exception to the rule effectuates the policy, articulated in Phillips v Kantor & Co. (31 NY2d 307 [1972]), that in order to “produc[e] just results in disputes” (31 NY2d at 315), summary judgment should be denied where there is significant doubt as to the absence of a triable issue of fact (31 NY2d at 311), even though the doubt is raised by inadmissible evidence (there, testimony inadmissible under the Dead Man’s Statute), as long as “there is . . . some evidence free from exclusionary objection which suggests a palpable likelihood of establishing” the movant’s position, prima facie, at trial (31 NY2d at 310). In the instant case, there would be no apparent basis for excluding at trial the defendant’s testimony as to the facts asserted by the defendant in his letter.
Thus, for instance, in Yi v JNJ Supply Corp. (274 AD2d 453 [2d Dept 2000]), the Appellate Division affirmed the trial court’s denial of summary judgment in reliance on an affidavit executed in a language (English) which the affiant concededly did *228 not understand, and unaccompanied by any authentication from a translator. As pointed out by the dissent in Yi, this unauthenticated document constituted, as does the letter in the instant case, the sole opposition to the motion. (Accord, Guzman v Strab Constr. Corp., 228 AD2d 645 [2d Dept 1996] [affirming denial of summary judgment based upon unauthenticated and unsworn applications and permits].)
As also observed by the dissent in Yi (supra), an element which has often been required for consideration of inadmissible evidence in opposition to a motion for summary judgment is a reasonable excuse for the failure to have proffered admissible evidence. (See, Ratut v Singh, 186 Misc 2d 350 [Civ Ct, Kings County 2000].)
Federal courts in New York have viewed the pro se status of the party opposing summary judgment as sufficient to establish such reasonable excuse for consideration of unsworn statements such as that presented at bar. (See, e.g., Rudman v Weiss, 2001 WL 225244, *1 n 1, 2001 US Dist LEXIS 2193, *2 n 1 [SD NY 2001, Lynch, J.]; Wheeler v Corporation Counsel of N.Y. City, 2000 WL 1760947, *3 n 4, 2000 US Dist LEXIS 17315, *10 n 4 [SD NY 2000, Buchwald, J.]; Ketchmore v Gamache, 1997 WL 250453, *1 n 1, 1997 US Dist LEXIS 6509, *3 n 1 [SD NY 1997, Baer, J.].) In fact, Joint Local Civil Rules for the Southern and Eastern Districts of New York rule 56.2 mandates that when a summary judgment motion is made, any pro se litigant be given a prescribed “plain English” written advisement of, inter alia, the necessity of the submission of sworn affidavits in opposition. If the advisement is not given, this has alone been held a basis for denying summary judgment. (Booker v Strack, 2002 WL 398684, 2002 US Dist LEXIS 4233 [SD NY 2002, Batts, J.].)
In the instant case, the defendant is not technically pro se, but represented by counsel. Nevertheless, in view of defendant’s assertion that he has been unable to contact his retained counsel, and that the same has been unresponsive to his telephone calls and correspondence — and in view of counsel’s failure to communicate with, or attend and appear in, this court in response to the notice calendaring this motion — the defendant will be considered pro se for purposes of this motion.
In light of the facts asserted in defendant’s letter — and in light of the fact that plaintiffs moving affidavit itself contains only hearsay assertions with respect to the actual rendering of the services (allegedly performed by plaintiff’s affiant’s “staff”) — the plaintiff’s motion for summary judgment is denied.
*229 This case is set down for a conference with all counsel and their clients. Should counsel for defendant fail to appear, this matter will be forwarded to the Grievance Committee for the Tenth Judicial District to consider whether there has been an abandonment of the representation of defendant amounting to a sanctionable violation of the Code of Professional Responsibility.