Golia, J.,
dissents and votes to reverse the order and deny plaintiffs motion for summary judgment in the following memorandum: Plaintiff (health care provider) moved for summary judgment and made out a prima facie showing of entitlement thereto upon alleging that it filed a claim for payment of no-fault benefits which was received by the carrier on October 5, 2001, and that a denial was not issued until December 19, 2001. Since the denial was well past the 30 days, the plaintiff asserts that any denial is ineffective pursuant to 11 NYCRR 65.15 (g) (3) (see also Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co., 90 NY2d 274 [1997]). Plaintiff further asserted that although the 30-day period may be extended by a request for verification pursuant to 11 NYCRR 65.15 (d) (1) and (2), no such requests were made in the case at bar.
Although I am not in full agreement with those assertions, my dissent is grounded firmly in the findings of the Court of Appeals in the matter of Central Gen. Hosp. v Chubb Group of Ins. Cos. (90 NY2d 195 [1997]) and followed by Mount Sinai Hosp. v Triboro Coach (263 AD2d 11 [1999]).
The Court of Appeals clearly and unequivocally stated that if the alleged injuries were not causally related to the accident, the strict 30-day time limit (11 NYCRR 65.15 [g] [3]) for filing a denial would not apply. That Court wisely reasoned that the no-fault regulations could not be used to mandate that an automobile insurance policy be used to pay for alleged injuries that did not arise from the automobile accident claimed.
It is evident to me that the defendant’s denial of the claim sufficiently raised that issue. Furthermore, contrary to the holding of the majority, I find that the papers submitted in opposition to the plaintiffs motion for summary judgment were also sufficient to raise that issue of fact.
The instant case involves a minor accident between a large chartered bus in which the respondent was a passenger and a 1999 Ford Taurus, a mid-sized passenger automobile. Indeed the only damage to the bus was a one-inch crack in the front bumper which did not even warrant any repair. The passenger car suffered a shattered rear windshield and a buckled rear *65 tailgate. There has been no reported injuries of any kind from the occupants of the passenger car. The tour guide on the bus stated that all the occupants of the bus fully participated in the recreational events of the day. Indeed the police report did not note any injuries by any occupants of either the bus or the passenger car. The insurance carrier engaged the services of an automotive engineering expert who investigated the accident and determined that the plaintiff could not have suffered the injuries complained of.
Under all the facts and circumstances, it is abundantly clear that there is an issue of fact as to whether the injuries alleged resulted from the accident claimed.
In support of their opinion the majority relies solely on the fact that the “Automotive Engineering Report” was unsworn and therefore did not constitute competent proof in admissible form. The majority argues that the failure to submit a sworn affidavit or a valid reason for failing to do so is fatal to this position.
However, I find that such unsworn report is sufficient for the purpose of raising a triable issue of fact. There is a long line of cases from the Court of Appeals and lower courts that support the proposition, that for the purpose of defending a summary judgment motion, statements that may be subject to objections should not be precluded from consideration by the court if they are otherwise relevant and competent (see Phillips v Kantor & Co., 31 NY2d 307 [1972]; Narvaez v NYRAC, 290 AD2d 400 [2002]; Kwi Bong Yi v JNJ Supply Corp., 274 AD2d 453 [2000]; Eitner v 119 W. 71st St. Owners Corp., 253 AD2d 641 [1998]; Guzman v Strab Constr. Corp., 228 AD2d 645 [1996]).
This is especially true, as it is here, where the witness who prepared the unsworn “Automotive Engineering Report” is presumably available to testify (Levbarg v City of New York, 282 AD2d 239, 241 [2001]).
Accordingly, I would reverse the holding of the lower court and would deny the plaintiffs motion for summary judgment.
Pesce, P.J., and Rios, J., concur; Golia, J., dissents in a separate memorandum.