■ Briana Sciuti et al., Appellants, v Worcester Insurance Company, Respondent. [791 NYS2d 645]—

In an action, inter alia, to recover the proceeds of an insurance policy, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Oliver, J.), dated April 7, 2004, as denied that branch of their motion which was for summary judgment in their favor and against the defendant in the principal sum of $250,000.

Ordered that the order is affirmed insofar as appealed from, with costs.

In December 1996 the infant plaintiff was attacked and injured by dogs owned by a nonparty, Joseph Coles, while she was in Coles's house. It is undisputed that the defendant insurer had issued a homeowner's policy (hereinafter the policy) to Coles, for his house, insuring him, inter alia, for personal liability. Under the terms of the policy, the defendant was not obligated to pay damages for bodily injury to an insured. Coles subsequently notified the defendant of the incident and allegedly gave a statement to one of its employees on September 15, 1997. That same day, that same employee sent Coles a letter disclaiming coverage on the ground that the infant was an insured under the terms of the policy.

Thereafter, the infant, by her father, the plaintiff Roscoe Sciuti, commenced an action (hereinafter the prior action) against Coles to recover damages for her injuries. When Coles turned the papers over to the defendant, it again disclaimed coverage, inter alia, on the same ground. The plaintiffs then obtained a judgment against Coles in the prior action, upon his default in appearing, in the principal sum of $250,000. After the plaintiffs' counsel notified the defendant of this and the defendant failed to pay the judgment, the plaintiffs commenced this

action against the defendant, inter alia, to recover the proceeds of the policy. Almost immediately after the defendant served its answer together with discovery demands, the plaintiffs moved, inter alia, for summary judgment.

The Supreme Court properly denied that branch of the plaintiffs' motion which was for summary judgment. The plaintiffs' papers were sufficient to establish a prima facie case. However, the facts set out in the defendant's opposing papers were sufficient to raise a triable issue of fact as to whether or not the infant plaintiff was an insured under the terms of the policy. If she was, there was no coverage for the injuries she received at the home of Coles, the policy's named insured (*see Kwi Bong Yi v JNJ Supply Corp.*, 274 AD2d 453 [2000]; *see also Phillips v Kantor and Co.*, 31 NY2d 307 [1972]).

We note, as the defendant asserts, that it is entitled to obtain needed discovery. Florio, J.P., Cozier, Rivera and Skelos, JJ., concur.