■ GEORGE MOFFETT, Appellant, v JAMES J. GERARDI, II, Respondent. [904 NYS2d 757]—

In an action, inter alia, to set aside an allegedly fraudulent deed, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Baisley, Jr., J.), entered July 9, 2009, as, upon reargument, in effect, vacated its prior determination in an order of the same court dated November 12, 2008, denying the defendant's motion for summary judgment dismissing the complaint, and thereupon granted the motion for summary judgment.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and, upon reargument, the determination in the order dated November 12, 2008, denying the defendant's motion for summary judgment dismissing the complaint is adhered to.

By deed dated November 20, 1996, the plaintiff and his brother-in-law, the defendant, purchased real property located in Rocky Point, New York. Pursuant to a subsequent deed dated January 16, 1998, recorded in the office of the Suffolk County Clerk, the plaintiff's entire interest in the subject property was transferred to the defendant. The plaintiff contends that this transfer was fraudulent and that his signature on the January 1998 deed was forged.

The defendant moved for summary judgment dismissing the complaint on the grounds that the plaintiff's action was time-barred, and that there was a presumption of due execution based on the deed's certificate of acknowledgment. The Supreme Court denied the motion on the ground that the plaintiff's claims were not time-barred, without addressing the defendant's second argument. The defendant then moved for leave to reargue that order. The Supreme Court granted leave to reargue and, upon reargument, awarded summary judgment to the defendant dismissing the complaint. The plaintiff appeals. We reverse the order insofar as appealed from.

"A certificate of acknowledgment attached to an instrument such as a deed raises a presumption of due execution, which presumption, in a case such as this, can be rebutted only after being weighed against any evidence adduced to show that the subject instrument was not duly executed" (*Son Fong Lum v Antonelli*, 102 AD2d 258, 260-261 [1984], *affd* 64 NY2d 1158 [1985]; *see Beshara v Beshara*, 51 AD3d 837, 838 [2008]). Here, the defendant made a prima facie showing of entitlement to judgment as a matter of law by providing a copy of the notarized January 1998 deed which included a certificate of acknowledgment (*see Beshara v Beshara*, 51 AD3d 837 [2008]; *Elder v Elder*, 2 AD3d 671 [2003]).

In opposition, the plaintiff submitted his own affidavit contesting the signature on the deed, the deposition transcript of the notary public who purportedly notarized the deed, and an unsworn report of a handwriting expert. The plaintiff failed to establish that he had sent the deposition transcript to the notary public for review pursuant to CPLR 3116 (a), thereby rendering the transcript inadmissible at trial (*see Marmer v IF USA Express, Inc.*, 73 AD3d 868 [2010]; *Martinez v 123-16 Liberty Ave. Realty Corp.*, 47 AD3d 901, 902 [2008]; *McDonald v Mauss*, 38 AD3d 727, 728 [2007]; *Pina v Flik Intl. Corp.*, 25 AD3d 772 [2006]; *Scotto v Marra*, 23 AD3d 543 [2005]; *Santos v Intown Assoc.*, 17 AD3d 564 [2005]). However, this failure did not preclude the Supreme Court from considering the transcript in opposition to the motion for summary judgment (*see Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1068 [1979]; *Phillips v Kantor & Co.*, 31 NY2d 307 [1972]; *Franklin v 2 Guys From Long Pond, Inc.*, 50 AD3d 846 [2008]; *Kwi Bong Yi v JNJ Supply Corp.*, 274 AD2d 453 [2000]; *Silvestri v Iannone*, 261 AD2d 387 [1999]; *Zuilkowski v Sentry Ins.*, 114 AD2d 453 [1985]). Generally, when opposing a motion for summary judgment, a party must submit evidence in admissible form sufficient to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]). In certain circumstances, "proof which might be inadmissible at trial may, nevertheless, be considered in opposition to a motion for summary judgment" (*Zuilkowski v Sentry Ins.*, 114 AD2d 453, 454 [1985]), as long as the party seeking to use such evidence provides an acceptable excuse for the failure to tender the evidence in admissible form (*see Friends of Animals v Associated Fur Mfrs.*, 46 NY2d at 1068; *Allstate Ins. Co. v Keil*, 268 AD2d 545 [2000]), and the inadmissible evidence does not provide the sole basis for the denial of summary judgment (*see Phillips v Kantor & Co.*, 31 NY2d 307 [1972]).

Here, the plaintiff's excuse that it was his understanding that

the defendant, as the party who had noticed the deposition and hired the court reporter, was forwarding a copy of the deposition transcript to the notary public for review, was reasonable. Moreover, the notary public's deposition testimony that the deed was not notarized in the usual manner in which he notarized documents and, as a result, that he would not testify that the signature on the deed belonged to the plaintiff, along with the plaintiff's own affidavit that he did not sign the subject deed, rebutted the presumption of the deed's validity as created by the certificate of acknowledgment (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Hoffman v Kraus*, 260 AD2d 435 [1999]). Accordingly, since there is a triable issue of fact, the Supreme Court, upon reargument, should have adhered to its prior determination denying the defendant's motion for summary judgment dismissing the complaint.

In light of our determination, we need not reach the appellant's remaining contention. Fisher, J.P., Lott, Austin and Sgroi, JJ., concur.