WILLIAM CARDEN et al., Appellants, v CITY OF NEW YORK et al., Defendants, and HALLEN CONSTRUCTION CO., INC., et al., Respondents. [918 NYS2d 381]—

The plaintiff driver was operating a New York City Sanitation Department vehicle during the course of his employment when the vehicle hit an unsecured metal plate in the roadway, which

allegedly caused him to lose control of his vehicle and sustain personal injuries.

In support of their motion for summary judgment, the defendants Hallen Construction Co., Inc. (hereinafter Hallen), and Keyspan Energy Delivery N.Y.C. (hereinafter Keyspan) submitted evidence sufficient to establish, prima facie, that they did not create the alleged defect in the roadway which caused the plaintiff driver to sustain injuries (*see Courtright v Orange & Rockland Utils., Inc.*, 76 AD3d 501 [2010]; *Garcia v City of New York*, 53 AD3d 644 [2008]; *Rubina v City of New York*, 51 AD3d 761 [2008]). In opposition, the plaintiffs submitted evidence sufficient to raise triable issues of fact as to the exact situs of the defect and whether Hallen and Keyspan created the alleged defect. Generally, an opposing party must make a showing of evidentiary proof in admissible form (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]). "Under certain circumstances '[o]ur courts have recognized that proof which might be inadmissible at trial may, nevertheless, be considered in opposition to a motion for summary judgment' " (*Guzman v Strab Constr. Corp.*, 228 AD2d 645, 646 [1996], quoting *Zuilkowski v Sentry Ins.*, 114 AD2d 453, 454 [1985]; *see Phillips v Kantor & Co.*, 31 NY2d 307 [1972]). Here, the accident report from the New York City Sanitation Department, which was produced during discovery and had sufficient indicia of reliability, raised a triable issue of fact as to whether the alleged defect was located within the area where Keyspan and Hallen performed their work (*see Asare v Ramirez*, 5 AD3d 193 [2004]; *Guzman v Strab Constr. Corp.*, 228 AD2d 645 [1996]).

Accordingly, the Supreme Court should have denied that branch of the motion of Hallen and Keyspan which was for summary judgment dismissing the complaint insofar as asserted against them. Covello, J.P., Belen, Hall and Cohen, JJ., concur.